Richard J. Cardamone, J.
The defendant, Anne F. Moyer, has moved to dismiss an action instituted by the State University Hospital of the New York State Upstate Medical Center pursuant to CPLR 3211 (snbd. [a], par. 7) for the value of medical services ($4,837.45) rendered to the defendant’s *762 deceased husband in the Medical Center and for attorney’s fees ($1,236.06) pursuant to CPLR 3211 (subd. [a], par. 7).
The defendant’s deceased husband died in the Upstate Medical Center on November 25, 1968 leaving a hospital bill due and owing to the plaintiff in the amount stated above. A verified claim was filed against his estate. The plaintiff was advised by the administratrix (defendant herein) that the estate was without any assets. It is the State’s contention that the defendant, as the wife of the decedent who incurred this medical expense, is obligated to pay this as a necessity furnished her husband.
The relief which Mrs. Moyer seeks in this motion is to have the State’s action against her dismissed. In her moving affidavit she states that she has no knowledge of any agreement on the part of her husband (as alleged in the plaintiff’s complaint) to make any payment, nor was she ever contacted during the period while the services were rendered to her husband regarding her obligation to pay the same. She states further that her husband advised her that the hospital bills were being taken care of by Medicaid and that the hospital had been told that he had no money and that the hospital had agreed to perform the services for him on this basis. She further states that her husband was unemployed for ten years prior to his death with the exception of two periods of brief duration when he had laboring jobs. The defendant is a secretary with MONY with gross earnings of $90 a week from which she had provided support for both herself and her husband. Neither defendant nor her deceased husband owned any real property, bank accounts, life insurance, securities, medical insurance or any other assets other than incidental personal effects. She personally has no funds to pay any medical bills, her entire income being consumed for basic necessities.
In an attorney’s affidavit supporting the motion, the defendant’s attorney claims that part of the basis of the plaintiff’s claim is an alleged agreement by which the decedent, Harold Moyer, requested medical service and agreed to pay for it as well as for reasonable attorney’s collection fees. The attorney states that since the defendant is not alleged or pleaded to have participated in this agreement there can be no cause of action against the defendant based on it. It is the defendant’s position that there is no common-law action against a wife for necessities in New York and even if there were medical services of the type alleged are not such necessities. The defendant further argües that she has no ability whatsoever to pay and since *763 there is no proof to the contrary, this must be accepted as a fact and the entire complaint dismissed.
This court agrees, a wife cannot be held personally liable for necessaries chargeable against her husband in the absence of a special agreement on her part (Dawson v. Greenberg, 5 A D 2d 744). No such special agreement is alleged in the plaintiff’s complaint against this defendant wife.
At common law a husband’s ability to pay for them must first be established before the law imposes an obligation on him for medical necessities incurred during his wife’s last illness (Matter of Burt, 254 App. Div. 584). Such similar obligation on the wife is not recognized at common law and even if it were, the uncontroverted facts here clearly establish the wife’s inability to pay for these medical expenses and attorney’s fees contracted for by her deceased husband.
Turning to the question of the statutory obligation imposed on the wife to support her husband if he is incapable of supporting himself (Domestic Relations Law, § 32, subd. 5), the applicable statutory provisions require a finding that the person liable to support be “ possessed of sufficient means or able to earn such means ” (Domestic Relations Law, § 32) or be of “sufficient ability” (Social Services Law, § 101, subd. 1), or “ provided that she is possessed of sufficient means ” (General Obligations Law, § 5-311) before any obligation to support attaches. Thus the rule at common law and under statute both require that the ability of the person liable for support to pay be first considered (Albany Med. Center Hosp. v. Harris, 28 A D 2d 784).
In any event, support proceedings under article 3-A of the Domestic Relations Law “ shall be commenced ” in the County Court by verified petition (Domestic Relations Law, § 37) not, as here, by complaint in the Supreme Court.
The plaintiff’s complaint is dismissed with costs to the defendant who is to submit an order accordingly.