**Betty Elizabeth MITCHELL, Plaintiff-Appellee,**

v.

**Daymond Virgil MITCHELL, Defendant-Appellant.**

Supreme Court of Tennessee.

March 3, 1980.

W. B. Hogan, Nashville, for defendant-appellant.

C. Edward Coomer, Nashville, for plaintiff-appellee.

## OPINION

HENRY, Justice.

This divorce action is before us on direct appeal pursuant to Section 16–408, T.C.A. Appellant challenges the constitutionality of a gender-based statutory scheme which provides for allocation of support monies and property to the wife upon dissolution of a marriage. We examine Sections 36–820 through 36–825, T.C.A., as they read prior to being amended in May 1979,[1] to determine whether in that form, they violated constitutional guarantees of equal protection under the law.

### I.

Betty Elizabeth Mitchell was granted an absolute divorce in the Fourth Circuit Court of Davidson County. She was awarded $100 per month for fourteen years, $1,000 in attorney's fees, the 1972 Ford she drove, household furnishings and a savings account in the amount of $2,693. She was given custody of the couple's minor child, and the husband was required to pay $200 per month child support. Betty Mitchell and the child are to continue living at the homeplace until the child has completed his high school education. The house will then be sold, with two-thirds of the equity to go to the wife and one-third to the husband.

After the Trial Judge had issued his memorandum granting the divorce in this action, the United States Supreme Court handed down its decision in *Orr v. Orr*, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), invalidating Alabama's gender-based divorce statutes as violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Mitchell then, by proper motion, requested the trial court to reconsider certain

1. Sections 36–820 through 36–824 and 36–826, T.C.A., were amended by Ch. 339, Public Acts of 1979. *See* discussion, *infra*, Section II. Section 36–825, T.C.A., which favored neither marital partner, was not amended.

elements of the award, which he characterized as alimony, on the grounds that the statutory sections on which that portion of the award had been based were unconstitutional. The trial court reconsidered the matter and concluded that an equitable decision had been reached; the award was not altered. This appeal ensued.

## II.

We consider *Orr, supra,* controlling on the question before us and declare that Sections 36–820 through 36–824, T.C.A., were unconstitutional at the time an award of support was made to Mrs. Mitchell. These statutory sections discriminated on the basis of the gender of the spouse; for example, Section 36–820, T.C.A., spoke in terms of only the wife receiving an allowance of support on divorce; only the husband could be required to pay alimony.

■ The gender-based classification which these statutory sections created did not "serve important governmental objectives" and was not "substantially related to achievement of those objectives." *Orr,* 440 U.S. at 279, 99 S.Ct. at 1111, 59 L.Ed.2d at 319. *See Robinson v. Trousdale County,* 516 S.W.2d 626 (Tenn.1974) (concurring opinion, Henry, J.); *Motlow v. State,* 125 Tenn. 547, 145 S.W. 177 (1911). These provisions therefore violated the Equal Protection Clause of the United States Constitution and the equal protection guarantees of Article I, Section 8, and Article XI, Section 8 of the Tennessee Constitution.

In *Orr,* the Supreme Court struck down as unconstitutional an Alabama statutory scheme similar to that found in the Tennessee Code. The Alabama statutory sections, like those in Tennessee, provided that the trial court could grant an allowance, or alimony, to the wife; husbands, but not wives, could be required to pay this alimony. The Alabama Supreme Court had held that "there is no authority in this state for awarding alimony against the wife in favor of the husband. . . . The statutory scheme is to provide alimony only in favor of the wife." *Davis v. Davis,* 279 Ala. 643, 189 So.2d 158 (1966). The Tennessee Su-

preme Court's opinion in *Trimble v. Trimble,* 224 Tenn. 571, 458 S.W.2d 794 (1970), reflects this same view.

In *Orr,* the Court rigorously scrutinized the Alabama statutes, examining and rejecting governmental objectives which might arguably have been served by Alabama's gender-based statutory scheme. *Orr,* 440 U.S. at 279–80, 99 S.Ct. at 1111–12, 59 L.Ed.2d at 318–20. The Court concluded that categorizing all wives as needy spouses and all husbands as those who must provide support created a classification that was not substantially related to the one legitimate and important governmental objective—providing help for needy spouses—because this goal could be accomplished without reference to the sex of the spouse. *Orr,* 440 U.S. at 281–82, 99 S.Ct. at 1112–13, 59 L.Ed.2d at 320–21.

The gender-based approach of Sections 36–820 through 36–824, T.C.A., was equally deficient in relation to this State's purpose—providing financial assistance to the needy spouse in a divorce action. The sections infected with this discrimination could not survive *Orr.* Indeed, they did not. After the decision in *Orr,* the General Assembly quickly moved to correct the constitutional defect. By Ch. 339, Public Acts of 1979, the Legislature amended Sections 36–820 through 36–824 and Section 36–826, T.C.A., and rendered them gender neutral. Under these newly amended provisions an award of alimony now may be made to either spouse and required from either spouse. We do not go so far as to declare these amended sections constitutional; they are not at issue in the case at bar. We simply draw attention to them to illustrate how the Legislature has proceeded after *Orr.* The power of a court to grant a divorce, award alimony and enforce that award is regulated by statute. *Brown v. Brown,* 156 Tenn. 619, 4 S.W.2d 345 (1928); *see also Chastain v. Chastain,* 559 S.W.2d 933 (1977).

■ Section 36–825, T.C.A., which gives the court the power to adjust interests in jointly owned property, did not present the same constitutional dilemma. It read as follows:

In all actions for divorce or separate support and maintenance, the court having jurisdiction thereof may, in its discretion, adjust and adjudicate the respective rights and interests of the parties in all jointly owned property, so as to preserve for each or either party, that portion of such jointly owned property as may be just and reasonable under the facts and circumstances of the case, regardless of how the court may grant or refuse to grant relief in such case; and to this end the court shall be empowered to effectuate its decree by divesting and reinvesting title to such property and, where deemed necessary, to order a sale of such property and to order the proceeds divided between the parties.

This provision is, and was at the time of the Mitchells' divorce, neutral on its face and susceptible of a constitutionally sound interpretation. When a statute may be given more than one reasonable interpretation, and one construction would render the statute constitutional and one would not, we must choose that construction which validates the provision. We will not declare a statute unconstitutional when we are reasonably able to do otherwise—to preserve its meaning and purpose through a constitutionally correct construction. *See Williams v. Cothron*, 199 Tenn. 618, 288 S.W.2d 698 (1956). Plainly, this provision is what it says: the power in the court of jurisdiction to make a "just and reasonable" adjustment of interests in jointly owned property, regardless of the gender of the spouse, based on "the facts and circumstances of the case." Any prior opinion not consistent with this construction is hereby overruled.

This matter is remanded to the trial court to reconsider its order insofar as it represents an award to the wife based on Sections 36–820 through 36–824, T.C.A. The trial court will reconsider the relevant portions of the award in light of the *Orr* decision, our decision and Ch. 339, Public Acts of 1979.

Reversed and remanded.

BROCK, C. J., and FONES, COOPER and HARBISON, JJ., concur.