392 So.2d 1356 (1980)
MANATEE CONVALESCENT CENTER, INC., Appellant,
v.
Vera Marie McDONALD, Appellee.
No. 80-714.
District Court of Appeal of Florida, Second District.
December 31, 1980.
B.J. Owens of Staab & Montgomery, Chartered, Bradenton, for appellant.
Daniel B. Schuh of Schuh & Schuh, St. Petersburg, for appellee.
BUCK, MORISON, Associate Judge.
This is an appeal from an order dismissing with prejudice a complaint which sought to collect from a wife the cost of her husband's hospitalization. The issue presented is clear and uncluttered. The solution is not. The issue is whether or not a wife is subject to an action by a facility which has provided medical or medically *1357 related services to her husband and for which the wife is not otherwise obligated either by contract or statute.
The common law, given vitality in this state in 1845 when the statutes of Great Britain were collected and reported to the First General Assembly of the Legislature of Florida, is the fountainhead of the rule that a husband is responsible for the necessaries of his spouse, and medical expenses fall clearly within that category of obligations. Correll v. Elkins, 195 So.2d 27 (Fla. 1st DCA 1967); Holiday Hospital Association v. Schwarz, 166 So.2d 493 (Fla. 2d DCA 1964). Historically, courts were never called upon to consider a converse application of the doctrine where the wife was sued by a third party creditor claiming to have extended necessaries for the husband's benefit. This was because at common law a married woman was deemed legally incapable of incurring any obligations independent of her husband.
The rigidity of the common law in dealing with interspousal rights and liabilities was broken by the Supreme Court of Florida in Gates v. Foley, 247 So.2d 40 (Fla. 1971). There a wife was granted the right to claim loss of consortium against another causing personal injuries to the husband. In that opinion, Justice Adkins made the following cogent observations in finding that where the wife was being denied a substantive right due to some reason of the common law no longer apparent, the rule denying her the right may take flight with it:
The law is not static. It must keep pace with changes in our society, for the doctrine of stare decisis is not an iron mold which can never be changed.
.....
It may be argued that any change in this rule should come from the legislature... . Legislative action could, of course, be taken, but we abdicate our own function, in a field peculiarly non-statutory, when we refuse to consider an old and unsatisfactory court-made rule.
247 So.2d at 43.
While the proposed equal rights amendment to the Florida Constitution urged by the Constitution Revision Commission a few years ago was rejected by the electorate, and the word "sex" does not appear in the second sentence of article I, section 2 of that constitution, the movement of the law has inexorably been toward equality of the sexes. This has been most notable in the area of the maintenance and support, traditionally seen as a duty only of the male partner to the marital contract. In 1971, almost a decade ago, the legislature saw fit to overhaul Chapter 61 by changing all references therein from "husband" and "wife" to "spouse" or "party." Section 61.08, Florida Statutes (1979), most significantly was amended to provide that the court could grant alimony to either party thus recognizing that in some instances the male partner may be unable to fund his necessaries, including hospitalization and medical expenses. So, as between the parties, the rights of the husband to have contributions from the wife for those items became coequal with those of the wife.
This court believes that by adopting the concept that the duty of support and maintenance is reciprocal and complementary, the Florida legislature has imposed in this state the same sex-neutral burden of support as the court found to exist in Pennsylvania after the passage of an equal rights amendment to the Pennsylvania Constitution. Kurpiewski v. Kurpiewski, 254 Pa.Super. 489, 386 A.2d 55 (1978). That case was relied upon by the United States District Court in a 1979 case arising in Pennsylvania, United States v. O'Neill, 478 F. Supp. 852 (E.D.Pa. 1979), where the court found the wife liable for counsel fees for the husband's criminal defense because they were necessaries. The court stated:
We reach our conclusion in favor of the government, however, by applying the common law of Pennsylvania. In Pennsylvania, a husband has a legal duty to support his wife and children. When he neglects this duty, one who supplies necessaries for their support is entitled to recover their cost in an action under the *1358 common law, which raises an implied promise by the husband to repay. Jenkins v. Jenkins, 246 Pa.Super. 455, 371 A.2d 925 (1977)... . Therefore a wife can be liable for the costs of necessaries provided to her husband so long as it is shown she is capable of bearing the financial burden.
478 F. Supp. at 854.
The court then proceeded to discuss whether or not legal fees could be deemed necessaries and concluded that they were, noting that "the costs of legal representation are just as important and necessary as the costs of medical expenses for which a spouse would be liable." 478 F. Supp. at 855.
A recent New Jersey supreme court decision points up the trend towards modification of the common law rule so as to equalize the financial responsibilities of each spouse for the necessaries of the other. In that case the court determined to apply the decision prospectively to achieve substantial justice in light of the reasonable expectations of the parties. Jersey Shore Medical Center-Fitkin Hospital v. Estate of Baum, 84 N.J. 137, 417 A.2d 1003 (1980).
Less helpful is State University Hospital v. Moyer, 62 Misc.2d 761, 309 N.Y.S.2d 741 (1970), where the court held the wife could not be responsible for the husband's hospital bills in the absence of a special agreement. There is, however, a hint or suggestion in the ruling that while the wife had no such burden at common law she might be liable if it were not for her patent financial inability to pay the medical bills and attorney's fees owed by her husband.
Changing times demand reexamination of seemingly unchangeable legal dogma. Equality under law and even handed treatment of the sexes in the modern market place must also carry the burden of responsibility which goes with the benefits. Justice Terrell's colorful observations in 1942 about the status of women is even more apt now than then:
The disability of coverture was the product of a period in which man was smeared with the externals of a potential culture. The wife was little more than a chattel and was considered incapable of taking an education or following a career. All she was expected to thrill over was accouchement and the kitchen. The drawing room and the woman's college were as far in the future as it was to John Marshall when Justinian proclaimed his Code. It was the dark ages of the common law but it had its renaissance. The fact that woman has an I.Q. rating the equivalent of man's is no longer an open question. She has entered the trades, crafts, business, and professions and has demonstrated marked skill in all of them except in cases where mere physical prowess is the deciding factor. She has not achieved distinction as a prize fighter, a lumberjack, or a stevedore. She is directing much of the world's business; she has created and controls much of its wealth, she sits on boards of directors, runs schools, charities, and hospitals, is a sane counsellor, and has served as judge, Governor, United States Senator, Congresswoman, and legislator, and is the directing hand in many institutions that are nominally conducted by men, all this absent the "hunch" of a husband.
It is utterly foolish to contend that in marriage, the personality of the wife is submerged in that of the husband. Personalities differ as the ones who wear them but they do not merge in husband and wife unless one or the other happens to be of the floor dummy variety. So if there was ever sound reason for the disability of coverture, that reason has disappeared, every element on which it was predicated has been outmoded and discarded. In the marital state, husband and wife are partners and equals; in business both know their way about and being so there is no earthly reason why the wife should be hobbled by such an impediment. There is every reason to discard it when its main use is to void her obligations.
Merchant's Hostess Service of Florida, Inc. v. Cain, 151 Fla. 253, 257-58, 9 So.2d 373, 375 (1942).
*1359 We therefore hold that a wife is liable for the necessaries of her husband.[1] Because the parties had a right to rely upon prior law, we adopt this principle prospectively so that it applies only to debts incurred after the date of this decision. Therefore, we affirm the order of the trial court.
HOBSON, A.C.J., and GRIMES, J., concur.
NOTES
[1] We leave open the question of whether, in light of our decision, the common law rule ought to be interpreted to mean that one spouse will be held responsible for the necessaries of the other only if the resources of the spouse who incurred the debt are insufficient to pay it. See Jersey Shore Medical Center-Fitkin Hospital v. Estate of Sidney Baum, 87 N.J. at 149 150, 417 A.2d at 1009-10.