400 So.2d 166 (1981)
PARKWAY GENERAL HOSPITAL, INC., a Florida Corporation, Appellant,
v.
Nicolis STERN, Appellee.
No. 80-1521.
District Court of Appeal of Florida, Third District.
June 23, 1981.
Atkinson, Golden, Bacen & Diner and Constance J. Kaplan, Hollywood, for appellant.
No appearance, for appellee.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
*167 SCHWARTZ, Judge.
Parkway General Hospital sought to recover the costs of Fred Stern's hospitalization from, among others, his wife Nicolis. The trial judge dismissed the action with prejudice as against Mrs. Stern and assessed attorney's fees against Parkway under Section 57.105, Florida Statutes (1979). We reverse both rulings.
On the merits, we hold, as the second district recently did in Manatee Convalescent Center, Inc. v. McDonald, 392 So.2d 1356 (Fla. 2d DCA 1980), that a wife is responsible for her husband's necessaries, including medical bills, just as the husband is and always has been liable for hers. See, Phillips v. Sanchez, 35 Fla. 187, 17 So. 363 (1895). Since the bases of this determination have been thoroughly explicated in Judge Buck's excellent opinion in McDonald, to which we entirely subscribe, there is no reason again to detail them at length. See also, Variety Children's Hospital, Inc. v. Vigliotti, 385 So.2d 1052 (Fla. 3d DCA 1980) (holding both mother and father liable for child's medical expenses), and cases cited. It is enough to say that the result is compelled by the state of modern society and of Florida constitutional, statutory, and decisional law  all of which recognize the equality of spouses of either sex in their relationships to each other and to the law itself. Article I §§ 2, 9, 21, Article X § 5, Florida Constitution (1968); In re Estate of Reed, 354 So.2d 864 (Fla. 1978); Ball v. Ball, 335 So.2d 5 (Fla. 1976); Cummings v. Cummings, 330 So.2d 134 (Fla. 1976); Yordon v. Savage, 279 So.2d 844 (Fla. 1973); Hallman v. Hospital and Welfare Board of Hillsborough County, 262 So.2d 669 (Fla. 1972); Gates v. Foley, 247 So.2d 40 (Fla. 1971); Sections 61.071, 61.08, 61.09, Florida Statutes (1979).
We differ from the McDonald court, however, in its conclusion that this holding should be applied only prospectively. The general rule is that appellate decisions, even those which overrule earlier ones or establish theretofore unrecognized claims for relief, are to be given retrospective as well as prospective effect. Florida East Coast Railway Co. v. Rouse, 194 So.2d 260 (Fla. 1967); Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251 (1944); see generally, Annot., Comment Note.  Prospective or Retroactive Operation of Overruling Decision, 10 A.L.R.3d 1371, 1382-1384 (1966). It is true that this principle should not operate to overturn vested rights previously acquired in justified reliance upon the prior rule. See Florida Forest and Park Service v. Strickland, supra, at 18 So.2d 253; Department of Revenue v. Anderson, 389 So.2d 1034 (Fla. 1st DCA 1980); cases collected, Annot., supra, at 10 A.L.R.3d, 1386-1390. But, unlike the second district, see 392 So.2d at 1359, we do not believe that this exception applies to the present situation. Our holding is that a wife is liable for her husband's bills simply and solely because of the marital relationship between them. Thus, the only ways in which Mrs. Stern, or any other wife, could have averted this responsibility was to have dissolved the marriage before her husband's hospitalization or somehow prevented the illness which required it. Her failure to do either was obviously not the result of any "reliance" upon the belief that, under the present law, she would not be held responsible for his subsequently-incurred bills. Hence, we see no reason why the rule we announce today should not control both the present controversy and those which have arisen before. See cases collected, Annot., supra, at 10 A.L.R.3d 1390, notes 5-6; 20 Am.Jur.2d Courts § 233, note 18, § 235, note 3 (1965).
This decision on the merits obviously itself requires that the Section 57.105 fee award likewise be overturned. But it should be emphasized that the same result would follow even if we had ruled otherwise on the substantive issue, the retroactivity point, or both. Although the existing law did not support Parkway's position, the hospital asserted what was, at least, an obviously good faith, soundly-based, and non-frivolous attempt to change it. Even had those efforts been unsuccessful  as, in the event, they were not  Section 57.105 cannot, as we have previously emphasized, *168 properly be invoked under such circumstances. T.I.E. Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697, 698 (Fla. 3d DCA 1980) ("any less stringent predicate [than frivolousness] for the recovery of attorneys' fees would have a chilling effect on parties who, for example, may unsuccessfully attempt to raise questions of first impression and may deter the future growth of the law by exacting a price for today's unavailing efforts seeking its change.")
Reversed.