**Matilda E. MASSEY, Plaintiff-Petitioner,**

v.

**John Giles MASSEY,
Defendant-Respondent.**

Supreme Court of Tennessee.

Sept. 25, 1981.

Ronald D. Krelstein, Memphis, for plaintiff-petitioner; Gerber, Bernstein, Gerber & Winestone, Memphis, of counsel.

Raymond H. Sayle, Memphis, for defendant-respondent.

BROCK, Justice.

This is an action for divorce in which each of the parties charged the other with cruel and inhuman treatment and sought a decree of divorce. After trial, the trial court dismissed the cross-complaint filed by the husband, sustained the original complaint filed by the wife and awarded her $250.00 per month periodic alimony and $1,000.00 attorney's fee.

The parties, as tenants by the entireties, owned a house and lot located in Shelby County, Tennessee, valued at between $38,000.00 and $40,000.00 with an equity of approximately $2,000.00 at the time of trial. No disposition was made of this property, so that, following the divorce each of the parties owned an equal interest therein as tenants in common. In addition, according to the husband's affidavit he had other assets totalling $16,394.29 none of which was awarded to the wife as alimony.

The Court of Appeals modified the alimony award by awarding to the wife ⅓ of ½ of the $16,394.29 assets owned by the husband or a sum of $2,732.71 which, however, was rounded out to $2,750.00. In addition the Court of Appeals increased the award of the attorney's fee for the plaintiff from $1,000.00 to $1,275.00, the increase representing 10% of the increase in the lump sum alimony made by the Court of Appeals. In all other respects the decree of the trial court was affirmed.

In announcing his conclusions regarding alimony, the trial judge stated that the plaintiff wife was "partially the architect" of the destruction of the marriage and that "if this woman had been a good woman and had had nothing to do with the breaking up of this marriage, you would have gotten three times that fee and she would have gotten three times that alimony award."

The Court of Appeals, in a two to one decision, concluded that misconduct of the wife respecting the marriage could properly be considered in determining the amount of alimony to be awarded to her and could justify the reduction of the alimony to which she would otherwise be entitled. Applying that principle to this case, the Court of Appeals and the trial court have found that the plaintiff wife has been guilty of such misconduct respecting the marriage that her alimony should be reduced to one-third (⅓) of what she would have been entitled to receive except for her misconduct. We granted certiorari review to consider the propriety of that action.

We are not aware of any previous decision of this Court dealing with the question thus presented,[1] but, the Court of Appeals considered the issue in *Walden v. Walden*, 13 Tenn.App. 337, 344 (1930) and, again, in *Stone v. Stone*, 56 Tenn.App. 607, 409 S.W.2d 388, 392 (1966). In *Walden* it was held that in addition to other factors, the conduct of the parties prior to the divorce should also be considered. In the *Stone* case the court said that factors to be considered in fixing the amount of alimony are the earning capacity of each of the parties, their separate property holdings, their condition of health, age and station in life, the way and manner in which the estate has been created, including the contributions made by the wife from her earnings and "the merit or lack of merit of the respective parties." The court further observed that no hard and fast rule respecting the amount of alimony to be granted can be laid down and that the facts of each particular case must govern.

Other jurisdictions which have considered the question appear to be generally in agreement that misconduct of a wife to whom a decree of divorce is granted may be considered in determining whether she should be awarded alimony and, if so, the amount thereof.

"Alimony has sometimes been awarded to a wife who procured a divorce from her husband although she was not entirely free from fault. But even though the misconduct of the wife may be immaterial so far as the right to divorce is concerned, it is to be considered in determining the question of the right to alimony. Since the allowance of alimony is left largely to the judicial discretion of the trial court, the misconduct of the wife, even though the husband does not seek or pray for a divorce, may be considered as, in a measure, palliating the husband's offense and as abridging the wife's claim for alimony."

24 Am.Jur.2d *Divorce and Separation* § 621 (1966) at 744.

Factors considered by the courts in determining the amount of alimony have been enumerated as follows:

"... the financial circumstances of the parties, with special reference in some instances to their estates, incomes, debts, obligations, or necessities; the source of their property, that is, how and when it was acquired, and whether their property was acquired or accumulated before or after marriage; the estate of each of the parties at the time of the marriage; what the parties surrendered or gave up by marriage; whether the property is the husband's separate property or the joint accumulation of the parties; and the contributions of each to the joint or accumulated property.

"Other factors that may be taken into consideration in passing on alimony include the ability of the parties to earn, and their probable future prospects; their sex, age, health, and ability to labor; the respective ages of both of the parties to the divorce proceeding when they married; their station in life or standard or mode of living; their children, if any, and the care and disposition of them; the duration of the marriage and whether it was one of affection or convenience; *and the conduct of the parties, with particular reference to the cause of divorce and the relative or comparative responsibility of each therefor.*" (Emphasis added.)

27A C.J.S. *Divorce* § 233(1) (1959) at 1035–42.

---

1. Cf. *Williams v. Williams*, 146 Tenn. 38, 236 S.W. 938, 941 (1922).

In support of the italicized portion of the above quoted text, citations are made to cases from Alabama, Arkansas, Colorado, Connecticut, District of Columbia, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon and to *Walden v. Walden, supra.* We approve the factors thus enumerated as being proper ones, although not exclusive, for consideration by the courts of this state in determining whether alimony should be awarded and, if so, the proper amount thereof.

At the time of the trial of this cause, T.C.A., § 36–820, provided, in part:

"Whether the marriage be dissolved absolutely, or a perpetual or temporary separation be decreed, the court may make an order and decree for the suitable support and maintenance of the complainant and her children or any of them by the husband or out of his property *according to the nature of the case and the circumstances of the parties....*" (Emphasis added.)[2]

■ We conclude that "the nature of the case and the circumstances of the parties" allows the court, in fixing alimony, to consider the conduct of the parties with reference to the cause of divorce and the relative or comparative responsibility of each spouse therefor.

■ We do not agree, however, that this rule should be applied to reduce the alimony to which the wife is entitled in the instant case. We reach this conclusion because, contrary to the conclusion of the lower courts, the record, in our opinion, does not support a finding that the plaintiff wife has been guilty of misconduct toward her husband that appreciably contributed to the breakdown of the marriage. Thus, no diminution of her alimony because of her conduct was warranted.

At the time of the hearing these parties had been married for 23 years and had become the parents of two children. In October, 1969, while living in South Dakota, the plaintiff wife left the bed of her husband and has refused to have sexual relations with him since then. This is the primary factual basis for the finding by the lower courts that the plaintiff was guilty of misconduct toward her husband which contributed to the demise of the marriage. We conclude, however, that her conduct in this respect was justified by the conduct of the defendant husband in continually engaging in amorous affairs with other women in South Dakota, Tennessee and elsewhere from 1969 to the time of trial. This course of conduct by the defendant husband is well documented in the record by testimony and exhibits consisting of love notes, motel room receipts, photographs and other like items. Names and other details need not be enumerated in this opinion; they are documented in the record. Since the defendant's misconduct in this respect was continuous since 1969 to the time of trial, there was no occasion for the plaintiff to condone that misconduct and seek a reconciliation with the defendant.

Accordingly, we modify the decrees of the lower courts with respect to alimony by increasing the periodic alimony awarded to the plaintiff from $250.00 per month to $750.00 per month, by increasing from $2,750.00 to $8,197.15 the alimony in solido from her husband's assets of $16,394.29 and by increasing to $3,820.00 the attorney's fee awarded to the plaintiff. Costs incurred in this Court are taxed against the appellee.

This cause is remanded to the trial court for enforcement of this decree and for such other proceedings as may be proper.

HARBISON, C. J., and JONES and COOPER, JJ., concur.

---

2. Now, alimony may be awarded to either spouse. *See,* Acts of 1979, Ch. 339; *Mitchell v. Mitchell,* Tenn., 594 S.W.2d 699, 701 (1980).