Linda KILBOURNE, Plaintiff-Appellant,

v.

Fred T. HANZELIK, Administrator of the Estate of Robert L. Hardeman, Deceased, Defendant-Appellee.

Supreme Court of Tennessee, at Knoxville.

Feb. 28, 1983.

James C. Lee, Chattanooga, for plaintiff-appellant.

Jay B. Stringer, David F. Harrison, Chattanooga, for defendant-appellee.

## OPINION

BROCK, Justice.

The appellant, Linda Kilbourne, through her group medical insurance, paid fifty thousand dollars ($50,000.00) in doctors' and hospital bills incurred by her husband after he was injured while riding as a guest passenger in an automobile. She then sought to recover the medical expenses thus paid by filing suit against the administrator of the deceased driver's estate. It appears that the trial court granted the appellee's motion for summary judgment because of the common law rules absolving a wife from any obligation for providing necessaries, including medical care, for her husband and denying to her a right of action to recover for such necessaries paid by her. The Court of Appeals affirmed and we granted permission to appeal.

The Court of Appeals' decision was based upon an antiquated rule that had as its historical foundation the notion that women were second-class citizens and not entitled to the rights of men.[1] This societal attitude resisted change for hundreds of years because it was elevated to the status of law by common law judges.

"[T]he common law stripped the married woman of many of her rights and most of

1. The Court of Appeals relied on *Rush v. Great Am. Ins. Co.*, 213 Tenn. 506, 376 S.W.2d 454 (1964), in which a wife was denied recovery for loss of consortium based on the common law rule preventing such awards to wives. The rule followed in *Rush* has since been superseded by the enactment of T.C.A., § 25–1–106, allowing a wife the right to recover for loss of consortium.

her property, ... it attempted to partially compensate by giving her the assurance that she would be supported by her husband." *Orr v. Orr,* 440 U.S. 268, 279, n. 9, 99 S.Ct. 1102, 1112, n. 9, 59 L.Ed.2d 306 (1979).

The attitude toward women mentioned above no longer predominates; and, in our view, new justifications for perpetuating the common law rule that wives owe no duty of support to their husbands cannot withstand legal analysis.

A recent Florida decision held that a wife would be held liable when sued by a medical facility for the costs incurred in treating her husband. *Manatee Convalescent Center, Inc. v. McDonald,* 392 So.2d 1356 (Fla. Dist.Ct.App.1980). *Accord: Parkway General Hospital, Inc. v. Stern,* 400 So.2d 166 (Fla.Dist.Ct.App.1981). The Florida court noted that, historically, wives were not held liable to

> "third party creditor[s] claiming to have extended necessaries for the husband's benefit.
>
> \*   \*   \*   \*   \*   \*
>
> "This was because at common law a married woman was deemed legally incapable of incurring any obligations independent of her husband." *McDonald, supra,* at 1357.

The court in *McDonald* reasoned that the Florida legislature intended to impose a "sex-neutral burden of support" by amending the statute governing awards of alimony. Fla.Stat. § 61.08 (1979). The amendment provided that alimony could be awarded to either party,

> "thus recognizing that in some instances the male partner may be unable to fund his necessaries, including hospitalization and medical expenses.
>
> \*   \*   \*   \*   \*   \*

**2.** Also pertinent here is T.C.A., § 39–201, which became effective on March 11, 1981. It provides: "It shall be a misdemeanor for any husband *or wife* to neglect or fail to provide for his or her spouse who, because of physical disability, is unable to be self-supporting."

"So, as between the parties, the rights of the husband to have contributions from the wife for those items became coequal with those of the wife." *McDonald, supra,* at 1357.

The Tennessee statute governing awards of alimony has been similarly amended, T.C.A., § 36–820 (Supp.1982) (Ch. 187 and ch. 339, Pub.Acts, 1979). Moreover, we have held that prior to this amendment the statutorily established gender-based discrimination respecting alimony was violative of the equal protection guarantees of both state and federal constitutions. *Mitchell v. Mitchell,* Tenn., 594 S.W.2d 699 (1980).[2]

It is conceded that the doctrine under attack in the case at bar is not a creature of the legislature; nevertheless, it must also be conceded that the discriminatory alimony statutes deemed unconstitutional by the Supreme Court in *Orr v. Orr, supra,* and the rule now under attack have a common ancestor, *viz.,* the common law. That the illegal statutory scheme stricken down in *Orr* and the rule complained of in the instant case are inextricably linked is revealed in the following passage in *Orr:*

> "This argument, that the 'support obligation was imposed by the common law to compensate the wife for the discrimination she suffered at the hands of the common law,' (citations omitted) reveals its own weakness. At most it establishes that the alimony statutes were part and parcel of a larger statutory scheme which invidiously discriminated against women, removing them from the world of work and property and 'compensating' them by making their designated place 'secure.' This would be reason to invalidate the entire discriminatory scheme—not a reason to uphold its separate invidious parts." *Orr, supra,* 440 U.S. at 279 n. 9, 99 S.Ct. at 1112 n. 9.

This statute certainly recognizes a duty on the part of a wife. Also, Restatement, 2d, Torts, § 693(1) provides for a wife's cause of action for loss of consortium, including medical expenses.

To impose liability upon the husband for providing necessaries to his wife while denying such liability of the wife for providing necessaries to her husband not only defies logic and denies justice, it cannot pass constitutional muster under the equal protection guarantees of the state and federal constitutions as construed in *Orr v. Orr, supra,* and *Mitchell v. Mitchell, supra.*

The *Orr* decision heralded a re-examination of the rights of married women as established by the common law. *See: Mitchell v. Mitchell, supra.*

As was stated by the Florida court in *McDonald:*

> "The law is not static. It must keep pace with changes in our society, for the doctrine of *stare decisis* is not an iron mold which can never be changed.
>
>     \*     \*     \*     \*     \*     \*
>
> "It may be argued that any change in this rule should come from the legislature. . . . Legislative action could, of course, be taken, but we abdicate our own function, in a field peculiarly non-statutory, when we refuse to consider an old and unsatisfactory court-made rule." *McDonald, supra,* at 1357.

We are of the opinion that the position adopted by the Florida court in *McDonald* is correct and should be established as law in Tennessee. *See also: Albert Einstein Medical Center v. Gold,* (Pa.) 66 D & C.2d 347 (1979). All prior decisions to the contrary are no longer to be followed as precedent.

We hold that genuine issues as to material facts are disclosed in the record and that plaintiff's claim is not to be rejected because of her sex; thus, it was error to grant summary judgment for the defendant.

The judgment of the Court of Appeals and that of the trial court are reversed and this cause is remanded to the trial court for a trial on the merits. Costs are taxed against the appellee.

FONES, C.J., and DROWOTA, J., concur.

HARBISON, J., files separate concurring opinion in which COOPER, J., joins.

HARBISON, Justice, concurring.

I concur in the results stated in the majority opinion to the effect that a wife may have a duty to furnish necessaries to her husband under certain circumstances. I concur, however, only with the understanding that all other issues raised by the defending parties are still open. The case was disposed of in the trial court upon summary judgment, although upon a very meager record. It was shown, however, that at the time of the accident out of which the claim arose the plaintiff and her husband were separated. Ordinarily the duty to furnish necessaries to a spouse living apart is quite different from that obtaining when the spouses are living together. Generally there is no such duty unless the separation was the fault of the party against whom a claim for necessaries was made. *See generally* 41 Am.Jur.2d *Husband and Wife* §§ 356–360 (1968).

It is unclear that any claim was made against the wife for the hospital expenses, and it is also unclear that she made any actual payments. Payments seem to have been made by an insurance company under whose policy the husband was a named and covered beneficiary as well as the wife. There is no showing that any credit of the wife was pledged in connection with the hospital expenses, or that the husband did not contract for these himself.

I think that all of these issues need to be clarified before it can be concluded that the wife has any viable claim in this case. I realize that the majority opinion states that no position is being taken concerning the merits. Nevertheless it was incumbent upon the wife, in my opinion, when faced with a motion for summary judgment, to adduce proof sufficient to show a clear entitlement to maintain this action. On the present record she has not done so, and I can concur in the result only with the understanding that the defendant is not foreclosed in further proceedings. The majority opinion overrules the defendant's motion for summary judgment and orders a

trial on the merits. I think that it would be preferable to remand the case for reconsideration of all of the issues raised in the motion for summary judgment, or at least I would give the trial judge discretion in that regard.

COOPER, J., concurs in this opinion.