## ORMOND BEACH MEMORIAL HOSPITAL v SLACK
### Case No. 84-1749-CC-12
County Court, Volusia County, Florida
January 15, 1986

### APPEARANCES OF COUNSEL

**Richard B. Orfinger** for plaintiff.

**James R. Clayton** for defendant, Irene Slack.

**Ralph Slack,** pro se.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

This cause came on for trial before the Court without the intervention of a jury and the parties having stipulated to the following facts, finds as follows:

### *FINDINGS OF FACTS*

This is an action to collect from the defendant Irene Slack, the

former wife of the defendant Ralph Slack the costs of Ralph Slack's hospitalization while they were still married.

On May 18, 1983 the defendant, Ralph Slack was admitted to the plaintiff hospital and was discharged on May 27, 1983. After payment by Ralph Slack's insurance company, the indebtedness to the hospital was reduced to $3,214.54.

The defendants were married to each other on April 16, 1983, one month prior to the admission to the hospital of Ralph Slack on May 18, 1983 and the parties were divorced on March 28, 1984. (As one can see this was a very short marriage.)

The defendant Irene Slack did not sign an agreement with the hospital to guarantee the hospital bill of her then husband Ralph Slack.

## CONCLUSION OF LAW

The issue in this case is whether or not a wife is subject to an action by a facility which has provided medical or medically related services to her husband and for which the wife is not otherwise either obligated by contract or statute.

Three cases from three different appellate district courts of appeals decided this issue. Two held that the wife was obligated. The third and latest decision held that she was not obligated.

In *Manatee Convalescent Center, Inc. v. McDonald*, 392 So.2d 1356 (Fla. 2d DCA 1980), the Second District Court of Appeal found that the common law in this State as it existed in 1845 that a married woman was deemed legally incapable of incurring any obligations independent of her husband, was abrogated at least inferentially by modern statutes which placed women on an equal status as men. The Court cited as examples the area of the maintenance and support formally seen as a duty only of the male partner, when in 1971 the Legislature amended Chapter 61, Florida Statutes by changing all reference therein from "husband" and "wife", to "spouse" or "party", and held that the Legislature has imposed a sex-neutral burden of support.

The Court then concluded by saying:

"Changing times demand the re-examination of seemingly unchangeable legal dogma. Equality under law and even handed treatment of the sexes in the modern market place must also carry the burden of responsibility which goes with its benefits. . .

We therefore hold that a wife is liable for the necessaries of her husband."

**27**

In *Parkway General Hospital, Inc. v. Stern*, 400 So.2d 166 (Fla. 3d DCA 1981), the Third District Court of Appeals followed the Manatee decision (supra) by stating:

> "It is enough to say that the result is compelled by the state of modern society and of the Florida Constitution, statutory and decisional law—all of which recognize the equality of spouses of either sex in their relationship to each other and to the law itself."

In *Shands Teaching Hospital and Clinics, Inc. v. Smith*, 11 F.L.W. 81, January 10, 1986, Fla. 1st DCA, flatly rejected the rulings in *Manatee* and *Parkway* holding that the common doctrine of necessaries have never been "explicitly" altered by the Constitution, Court or statute to require a wife to be subject to an action by a facility which has provided medical services to her husband without her contractual assumption despite the reliance by the other two District Court of Appeals on the provisions of the Constitution, statutes in cases cited therein. The First District Court of Appeals in *Shands*, (supra) then reminded its colleagues in the other District Courts of Appeal of the case of *Hoffman v. Jones*, 280 So.2d 1431 (Fla. 1973) wherein the Supreme Court of Florida held that in the absence of constitutional or statutory authority reflecting a change in established law, the District Courts of Appeal do not enjoy the prerogative of overruling controlling precedent of the Florida Supreme Court. The Supreme Court in *Hoffman v. Jones* (supra) said:

> "To allow a District Court of Appeals to overrule controlling precedent of this Court (Supreme Court) would be to create chaos and uncertainty in the Judicial Forum, particularly at the trial level."

Such a "chaos and uncertainty" has now come to fruition in the case now before the Court.

Faced with two diametrically opposite opinions, this Court is swayed by the decision in the *Shands* case, not so much that it does not agree with the reasoning in the *Manatee* and *Parkway* cases that wives in today's modern society should be just as responsible for the debts of their husband as husbands are now liable for the debts of their wives, but based upon the principal of stare decisis (8 Fla.Jur. para 148 pp. 424 Courts) this Court must follow *Hoffman v. Jones* (supra) and rule that it is for the Supreme Court of Florida or the Legislature to change, alter, modify or repeal the common law concerning the issues involved in this case. This Court is bound by the decisions of the Supreme Court, just as the District Court of Appeals should also follow precedence set by the Supreme Court of Florida, (*See State v. Lott*, 286 So.2d 565).

It is to be noted that in the *Shands* decision, the Court certified conflict with *Manatee* and *Parkway*, thus opening the way for a final determination by the Supreme Court of Florida.

This Court does hereby dismiss the action by the plaintiff and does also certify the following question to the Fifth District Court of Appeals as a matter of great public importance.

## CERTIFIED QUESTION

"Whether or not a wife is subject to an action by a facility which has provided medically related services to her husband for which the wife is not otherwise either obligated by contract, statute or by the Constitution of the State of Florida?"