**Lowell Graham HAYS, Jr., Plaintiff-Appellant,**

v.

**Trecia McDaniel Robertson HAYS, Defendant-Appellee.**

Court of Appeals of Tennessee, Western Section.

Feb. 21, 1986.

Permission to Appeal Denied by Supreme Court April 28, 1986.

James D. Causey and Alice L. Gallaher, Memphis, for plaintiff-appellant.

G. Patrick Arnoult, Memphis, Watson, Arnoult & Quinn, for defendant-appellee.

HIGHERS, Judge.

This case involves a petition by the husband for termination of alimony payments based on T.C.A. § 36–5–101(d). This section states that, whenever possible, an order for payment of alimony should be rehabilitative and temporary. The trial court granted the wife's motion to dismiss for failure to state a claim upon which relief can be granted. The trial judge held that § 36–5–101(d) was enacted subsequent to the original divorce decree, that it affected the substantive rights of the parties, and therefore it could not be applied retroactively to this divorce decree. We agree.

A final decree of divorce was entered between these parties on July 9, 1974, and was supplemented by a decree adjudging the property rights, child support and alimony on August 8, 1976. The portion of the decree pertinent to this case required the husband to pay $12,000 per year as alimony *in futuro* until death or remarriage of the wife, and child support. The husband has, since the final decree, filed five petitions (including the present case) to modify the final decree. Two of these petitions were at least partially granted based on a change in circumstances. On November 29, 1978, the court reduced the alimony *in futuro* and child support from $1,000/month by one-third because the eldest of two sons had reached majority. On May 19, 1982, the court confirmed the monthly alimony of $666.66 but relieved Mr. Hays from paying the wife's tax liability on the alimony payments. The husband now avers that the wife has had ample time and opportunity to rehabilitate herself and that she has in fact become rehabilitated and that, therefore, the rehabilitative purposes of the alimony have been served. He requests that his alimony of $666.66 be terminated pursuant to T.C.A. § 36–5–101(d). T.C.A. § 36–5–101(d) was amended in 1984 to read:

(d) It is the intent of the general assembly that a spouse who is economically disadvantaged relative to the other spouse be rehabilitated whenever possible by the granting of an order for payment of rehabilitative, temporary support and maintenance. Where there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors, including those set out in this subsection, then the court may grant an order for payment of support and maintenance on a long-term basis or until the death or remarriage of the recipient except as otherwise provided in subdivision (3) of subsection (a) of this section. In determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors, including:

(1) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(2) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve his or her earning capacity to a reasonable level;

(3) The duration of the marriage;

(4) The age, and physical and mental condition of each party;

(5) The extent to which it would be undesirable for a party to seek employment outside the home because he or she will be custodian of a minor child of the marriage;

(6) The separate assets of each party, both real and personal, tangible and intangible;

(7) The provisions made with regard to the marital property as defined in § 36–4–121;

(8) The standard of living of the parties established during the marriage;

(9) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party

to the education, training or increased earning power of the other party;

(10) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(11) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

■ This divorce decree was pursuant to the terms of T.C.A. § 36–820, the forerunner of § 36–5–101(a). Both of these provisions keep the order for support within the court's control and allow an increase or decrease in the amount of alimony upon the proper circumstances. As the Court of Appeals stated in *Daugherty v. Dixon*, 41 Tenn.App. 623, 297 S.W.2d 944, 945 (1956), this " 'decrease' might be so great as to make the allowance come within the de minimus rule." The courts, therefore, have the authority to suspend alimony *in futuro* payments indefinitely. But the question in this case is: Can this Court terminate alimony payments incorporated into pre-1984 decrees on the basis that the alimony recipient has had time for rehabilitation? Does this statute apply to pre-1984 divorce decrees so that a duty of rehabilitation is imposed on those alimony recipients claiming alimony pursuant to those decrees?

■ The factors to be considered by the Tennessee courts in awarding alimony have been described in *Williams v. Williams*, 146 Tenn. 38, 46, 236 S.W. 938, 940 (1922); *Stone v. Stone*, 56 Tenn.App. 607, 409 S.W.2d 388, 392–393 (1966); and *Massey v. Massey*, 621 S.W.2d 728, 729 (Tenn.1981). These factors do not materially differ from those in § 36–5–101(d). The courts, however, have not before placed a duty of rehabilitation upon the alimony recipient. We agree with the trial judge that this is a substantive change in divorce law, and that "[f]rom both a legal and practical standpoint, it would be unwise to declare that the rights to alimony of all persons receiving an award thereof before 1983 are suddenly changed and must be reexamined."

■ Certainly it is true that the alimony agreement becomes incorporated into the decree for divorce and thereby loses its contractual nature. *Blackburn v. Blackburn*, 526 S.W.2d 463, 465 (Tenn.1975). The alimony then becomes pursuant to statute. That does not change the long standing legal principle that statutes changing substantive rights will not be given retrospective application. *Saylors v. Riggsbee*, 544 S.W.2d 609 (Tenn.1976).

Because T.C.A. § 36–5–101(d) is not applicable to this action, the wife's motion to dismiss was properly granted. The judgment of the trial court is accordingly affirmed, and costs are taxed to the husband.

TOMLIN and CRAWFORD, JJ., concur.