OPINION OF THE COURT
Alexander Graves, J.
In this motion for summary judgment against defendant Amanda Curtis for hospital services rendered to her husband, defendant Alfred Curtis, plaintiff rests its legal case exclusively on Domestic Relations Law § 32, which, it is alleged, provides that a wife is liable for the support of her husband. The provisions of said section 32, insofar as here applicable, are as follows:
"For the purpose of this article, the following persons * * * are declared to be liable for the support of dependents * * * and, if possessed of sufficient means or able to earn such *72 means, may be required to pay for such support a fair and reasonable sum, as may be determined by the court having jurisdiction of the respondent in a proceeding instituted under this article * * *
"2. Wife liable for support of her husband”.
Domestic Relations Law § 31 defines "court” as meaning the Family Court of the State of New York and including certain other courts in other States.
While it may be true as a general principle that a wife is liable for the support of her husband, it is clear that the obligation is a limited one and may be enforced in a proceeding brought by the husband in Family Court under the Uniform Support of Dependents Law. Plaintiff has attempted, by lifting a few words from the statute without regard to its other provisions, to make the wife automatically obligated for the husband’s hospital bill on no basis other than that she is his wife. Such an attempt must fail.
Accordingly, plaintiff’s motion is denied and, under the authority of CPLR 3212 (b), defendant Amanda Curtis shall have summary judgment dismissing plaintiff’s complaint.