OPINION OF THE COURT
Anthony J. Garramone, J.
Plaintiff, Mary Imogene Bassett Hospital, moves this court for an order pursuant to CPLR 3212 striking the answer of the defendant and directing the entry of summary judgment in favor of the plaintiff. Defendant’s affidavit, deemed by this court to be a cross motion for summary judgment, requests that the plaintiff’s complaint be dismissed in that it fails to state a cause of action.
The facts are straightforward and seemingly uncontested. Between November 1982 and September 1985, plaintiff rendered certain hospital and medical services to the defendant’s spouse, Joseph F. Perrotta. Subsequently, plaintiff submitted its bill to the defendant for payment. Defendant refused to pay said bill.
Plaintiff alleges that the defendant is legally responsible for the reasonable and necessary medical bills incurred by defendant’s husband. In support, plaintiff cites Domestic Relations Law § 32, Family Court Act § 412, and Social Services Law § 101. The aforesaid statutory citations, given the circumstances at bar, are wholly inapplicable. Social Services Law § 101 only addresses the financial responsibility a public assistance recipient has for the reimbursement of that financial assistance. There is no claim, in any of the plaintiff’s pleadings, affidavits or supporting documentation, that the instant circumstances address such an issue.
Domestic Relations Law §32 and Family Court Act § 412 are likewise determined to be inapplicable given the circumstances at bar. Both statutes speak to a spouse’s duty of "support”, not the responsibility to pay specific third-party expenses incurred by the other spouse. Further, both statutes establish a spouse’s financial responsibility to support the other spouse only if possessed of sufficient means or able to earn such means. In the case at bar, plaintiff has never so much as alleged that the defendant is possessed of sufficient means to pay the subject medical bills. Finally, any application, or cause of action, which seeks spousal support should be initiated in the appropriate Family Court. (Family Ct Act *454 § 411; see, Doctors Hosp. v Curtis, 135 Misc 2d 71 [1987]; State Univ. Hosp. v Moyer, 62 Misc 2d 761 [1970].)
This court is also not persuaded by the existing common-law doctrine. Under that common-law standard, a husband may be liable for the "necessaries” chargeable against his wife. However, the plaintiff is not entitled to judgment under this common-law standard. In this regard, there exists no uniform common-law doctrine defining a wife’s duty to pay for the financial necessities incurred on behalf of her husband. Indeed, the common-law rule has never been adequately delineated so as to make its application uniform in circumstances such as the one at bar. (See, Lichtman v Grossbard, 73 NY2d 792, 795 [1988].) Given the aforesaid rationale, this court follows State Univ. Hosp. v Moyer (62 Misc 2d 761, supra), wherein Judge Cardamone opined that a wife cannot be held personally liable for necessaries chargeable against her husband in the absence of a special agreement on her part. Similarly, in the case at bar, no such special agreement is alleged in the plaintiff’s complaint against the defendant.
Based upon the aforesaid, plaintiff’s motion is hereby denied in its entirety; defendant’s cross motion is hereby granted. Plaintiff’s complaint is dismissed, without costs.