## MEMORIAL HOSPITAL-FLAGLER, INC. v HARP
### Case No. 90-492-CA
Seventh Judicial Circuit, Flagler County

December 21, 1990

**APPEARANCES OF COUNSEL**

**Richard B. Orfinger, Esquire,** for plaintiff.

**Alan B. Fields, Jr., Esquire,** for defendants.

### OPINION OF THE COURT

KIM C. HAMMOND, Circuit Judge.

*ORDER GRANTING DEFENDANT'S MOTION TO DISMISS*

THIS MATTER came on to be heard upon Defendant Gerrie Harp's Motion To Dismiss, and the Court, having reviewed the pleadings, heard arguments of counsel, and being otherwise duly informed about the premises, hereby FINDS AS FOLLOWS:

Memorial Hospital-Flagler, Inc. brought an action against Leonard Harp and his wife Gerrie Harp seeking damages in the amount of $14,945.25 for expenses incurred during the necessary hospitalization and treatment of Leonard Harp. The Hospital asserts that Leonard Harp, who guaranteed payment, is unable to pay for the services provided, and it, therefore, seeks judgment against his wife, Gerrie.

Defendant Gerrie Harp moves to dismiss, asserting that she did not guarantee payment and thus is not liable for her husband's necessary hospital bills. She cites as authority for her position *Shands Teaching Hospital and Clinics, Inc. v Smith,2rf 497 So.2d 644 (Fla. 1986). See also Halifax Hospital Medical Center v Ryals,* 526 So.2d 1022 (Fla. 5th DCA 1988).

In *Shands,* a case factually identical to the instant case, the Florida Supreme Court unanimously adhered to the common law doctrine of necessaries despite its obvious equal protection violation. Under the doctrine of necessaries a husband is liable for his wife's necessary living and medical expenses as though he had contracted for them himself, but his wife is under no such obligation to him. The Court in *Shands* expressly disapproved *Manatee Convalescent Center, Inc. v McDonald,* 392 So.2d 1356 (Fla. 2d DCA 1980) and *Parkway General Hospital, Inc. v Stern,* 400 So.2d 166 (Fla. 3d DCA 1981), both of which ruled that wives are now liable for the medical expenses of their husbands even when they have not agreed to be held responsible, reasoning that a wife should be treated the same as the husband in reference to the necessaries of the spouse.

The Plaintiff Hospital in the instant case argues that equal protection requires that husbands and wives be treated equally and that wives not be treated differently with respect to the responsibility of one spouse for necessaries provided to the other spouse. However, the Florida Supreme Court held that the plaintiff hospital in *Shands* did not have standing to raise the equal protection issue as between husbands and wives. It also held that changing the common law regarding an issue of this type would best be left to the legislature and not the Court.

This trial court is not totally convinced that the hospital in *Shands* and the hospital in the present case do not have standing to raise the equal protection issue. *See Jersey Shore Medical Center-Fitkin Hospital v Estate of Baum,* 84 N.J. 137, 417 A.2d 1003 (1980).

Neither is this Court convinced that the unconstitutional doctrine of necessaries must be left to the legislature to change (which it has yet to do and may never do). There should be a court-made choice of law here in order not to ignore the equal protection violation. *See Webb v Hillsborough County Hospital Authority,* 521 SO.2d 199, 205-207 (Fla. 2d DCA 1988).

Requiring a husband to be responsible under the common law for necessaries provided to his wife but not requiring a wife to be responsible for necessaries provided to her husband clearly would be an unconstitutional violation of the Equal Protection Clause of the 14th

Amendment of the United States Constitution. *Webb, supra; Schilling v Bedford County Memorial Hospital, Inc.,* 225 Va. 539, 303 S.E. 2d 905 (1983); *See also Orr v Orr,* 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979). Fairness requires, logically, that both spouses be treated so that if one spouse should be liable for necessaries, then, in like circumstances, the other spouse should be equally liable. The common law doctrine holding a husband financially responsible for necessaries must equally apply to a wife for necessaries provided for her husband when he is unable to pay for them. *Webb, supra.*

Although this Court does not agree with the ruling in *Shands,* it is, nevertheless, bound by the Florida Supreme Court precedent and, therefore, must follow the holding of the case. Perhaps someday soon the Florida Supreme Court will consider revisiting the doctrine of necessaries as framed in *Shands.* As the Florida Supreme Court has shown in the past, the judiciary has the power to reform the common law when it violates the Constitution; and when constitutional rights are at issue, the courts have an obligation to address them. *See* Waters, *Reforming Florida's Doctrine of Necessaries,* The Florida Bar Journal, November 1989, at 11.

It is hereby

ORDERED AND ADJUDGED:

THAT the Defendant's Motion To Dismiss is *GRANTED.*

DONE AND ORDERED in Chambers at Bunnell, Flagler County, Florida, this 21st day of December, 1990.