**Bobby Joe FLANAGAN,
Plaintiff-Appellant,**

v.

**Marcia Kay Douglas FLANAGAN,
Defendant-Appellee.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

Feb. 15, 1983.

Rehearing Denied March 21, 1983.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 1, 1983.

John M. Moore, Memphis, for plaintiff-appellant.

Bruce Kelley, Jr., Memphis, for defendant-appellee.

NEARN, Presiding Judge, Western Section.

This case represents the breakup of the third marriage between the parties. The husband, Bobby Joe Flanagan, has been married a total of five times, three of them to Mary Kay Douglas Flanagan. Mrs. Flanagan has a total of four and possibly five marriages to her credit. Between the second and third marriages to Bobby Joe Flanagan, she married another, which marriage lasted a few months. Subsequent to the dissolution of that marriage she remarried Bobby Joe Flanagan. In all marriages dissolved by the Courts, Mrs. Flanagan has been the successful party, i.e., the divorces were granted to her. As far as we can tell from the record, this is the first divorce proceeding that has resulted in an appeal. Mr. Flanagan appeals to this Court only from the alimony award of the Trial Court. The Trial Judge ordered that the real property owned by Mr. Flanagan, consisting of a home, be sold and one-half of the proceeds be paid to Mrs. Flanagan as alimony *in solido*. The Trial Court also awarded Mrs. Flanagan a substantial portion of the furnishings in the home. The Court awarded custody of the daughter of the parties to Mrs. Flanagan and set child support. Custody and child support are not an issue on appeal. In his brief, five issues are raised

by the appellant. These issues, save one evidentiary complaint, are addressed either to the award of alimony, or its manner, or its amount. We will consider only those issues necessary for determination of the appeal.

For a proper understanding of our treatment of this appeal it is necessary that we mention that two other complaints for divorce were filed between the time of the last divorce decree and the present case. The husband filed a complaint in Tipton County based upon irreconcilable differences, and, a property settlement agreement, which is not properly in this record, was signed by the parties. Mrs. Flanagan filed a complaint in the Chancery Court of Shelby County. The Chancellor, upon learning of the Tipton County action, dismissed the Shelby County action on the grounds of former suit pending. Then, the Tipton County action was dismissed and the present action filed in the Circuit Court of Shelby County.

During the trial of the present case the parties were permitted to testify about the circumstances surrounding previous divorce decrees and the previous filing of the two mentioned complaints that were dismissed without a hearing. This came about because it was the insistence of Mrs. Flanagan that the last divorce decree provided that Mrs. Flanagan was to quit claim any interest she may have had in the home to Mr. Flanagan upon his purchasing for her a Datsun automobile and paying off the lien on a trailer. This previous decree was said to have been entered in 1975, but it too is not a part of this record. The purpose of this evidence we suppose was to establish in her some ownership in the property as she contended that Mr. Flanagan never purchased her a Datsun automobile and only partly paid off the lien on the trailer. She admitted having executed the quit claim deed (which he recorded) but testified that she did not deliver it to Mr. Flanagan. Rather, she said he beat her up and took it away from her. Mr. Flanagan admitted not having purchased a Datsun because as the proof shows, he became disabled and has not been able to work. He denied

beating her up and taking the quit claim deed from her and commented that it seemed strange to him that she be allowed to complain about that alleged fraud in the former decree, when she had since remarried him and waited until this divorce to bring up the matter. In addition, Mr. Flanagan testified that Mrs. Flanagan had signed a property settlement agreement (not in this record) in the Tipton County matter by which terms the home was to be considered as his property.

In testimony about matters prior to this marriage Mrs. Flanagan testified about how she had helped over the past fifteen years to pay for the house.

In regard to the subject real property, the Trial Judge ordered:

That the real property owned by the Plaintiff-Cross-Defendant and more commonly known as 2038 Lauretta, Memphis, Tennessee, and being more particularly described as follows:

Lot 26, Northwood Village Subdivision, as shown on plat of record in Plat Book 20, page 68, Register's Office, Shelby County, Tennessee, to which plat reference is hereby made for a more particular description.

is to be sold and one-half of the net proceeds realized by said sale is to be conveyed to the Defendant-Cross-Plaintiff as alimony. Sale price shall be approved by both the Plaintiff-Cross-Defendant and the Defendant-Cross-Plaintiff, and said approval shall not be unreasonably withheld by either party.

In our opinion the above order in its present form is unenforceable. The Trial Judge has in effect ordered the parties to agree on a price. This he may not do. *Newberry v. Newberry*, (1973 Tenn.App. W.S.) 493 S.W.2d 99. In addition, there is no time set for a sale. However, the questionable enforceability of the order does not affect the validity of the facts found therein. As we read the order, the Trial Judge found the property to be owned by Mr. Flanagan. He did not find it to be jointly held property. In this we hold the Trial

Judge to be correct as the evidence does not preponderate against such finding. If in fact Mr. Flanagan did not fully comply with the previous decree of divorce and therefore not entitled to claim complete ownership in the real property at the time of this last marriage, that is a matter that should have been attended in the previous divorce by contempt or some other proceeding and not to be collaterally attacked in this proceeding. In addition, the Trial Court and this Court, if permitted would be ill equipped to determine just exactly what the prior decree provides or its nature, as it is not in the record and all the Court has before it is the testimony of the parties as to the supposed contents of that decree.

As to the alleged executed property settlement agreement emanating from the Tipton County affair, it is not in the record and, even if it was, it has no bearing on this divorce. In addition, Mrs. Flanagan testified that Mr. Flanagan beat her up again and forced her to sign that agreement.

In our opinion most of the testimony of both parties was irrelevant to this case. This is a suit for divorce from a marriage which commenced on April 10, 1978, ended by the parties when they separated on July 15, 1979, and ended by Court decree on November 25, 1980. The occurrences during previous marriages are not pertinent. The previous decrees settled all issues then existent between the parties and they may not be resurrected in this proceeding. It is the same as if they had been previously married to different people. If they had, the events and disputes of those marriages would not be germaine to this marriage.

The real issues presented by the appeal are (a) whether Mrs. Flanagan is entitled to alimony, (b) if so, how much and for what period. Guidelines for determination of these issues have been set forth in such cases as *Massey v. Massey,* (1981 Tenn.) 621 S.W.2d 728, *Newberry v. Newberry, supra, Stone v. Stone,* (1966 E.S.) 56 Tenn.App. 607, 409 S.W.2d 388 and *Rush v. Rush,* (1949 W.S.) 33 Tenn.App. 496, 232 S.W.2d 333.

Again, applying these guidelines we are concerned only with this marriage and not prior ones. Insofar as this marriage is concerned the proof shows that at its inception the home and all its contents were owned solely by Mr. Flanagan. The marriage was of relatively short duration. During that period nothing was jointly acquired by the parties. We are of the opinion that the alimony award is excessive. We believe the Trial Judge may have been influenced by irrelevant testimony regarding events in prior marriages. It appears that Mrs. Flanagan was of the opinion that the other divorce did not "count," so to speak, and considered that which Mr. Flanagan had was the result of their joint efforts over fifteen years. This is evidenced by the testimony as follows:

A. ... All I really want here today is the divorce.

Q. That's not what you just asked the Court for.

A. I beg your pardon?

Q. You asked for custody and half the furniture and half the house.

A. After fifteen years, I believe I'm due something out of the marriage. What is he due, everything out of our marriage?

Q. Ma'am, that's for Judge Vorder Bruegge, that's not for me to say.

A. All I'm asking, for him to be fair with me. He could have had a divorce months ago if he had just agreed to one, and at that particular point I was willing to give him everything, but not after he's had people get up here and lie.

Whether the house and contents were the joint products of fifteen years of marriage is an issue foreclosed by previous decrees. Any error made by previous Courts in the distribution of assets cannot be corrected in this action. This action involves a marriage of less than two years, not fifteen, and the proof shows nothing was obtained jointly during its tenure.

We see no necessity in going into all the trials and tribulations of the parties in this case. Suffice it to say, neither has been guilty of a display of exemplary conduct. The record shows that he is now living with another woman and she is living with another man. Each we suppose anxiously awaiting a final disposition of this matter so they may re-embark with another upon

**4**

the good ship matrimony, to sail their separate ways upon the sea of connubial bliss.[1]

The Trial Judge's award of one-half the proceeds and the sale of the home to Mrs. Flanagan as alimony is reversed. The real property is left to Mr. Flanagan. We award to Mrs. Flanagan as alimony the sum of $750.00 with which to pay her attorney.

The Trial Judge's award of items of personal property to Mrs. Flanagan is also reversed. However, the items mentioned in the decree as the property of the parties' minor daughter are awarded to Mrs. Flanagan as additional child support.

The injunction against Mr. Flanagan enjoining him from selling and/or placing any liens or encumbrances against the real property prior to its sale and the order of sale are dissolved.

Costs of appeal are adjudged against Mr. Flanagan.

Done at Jackson in the two hundred and seventh year of our Independence and in the one hundred and eighty-eighth year of our Statehood.

TOMLIN and CRAWFORD, JJ., concur.

**1.** Attached to one of the motions filed in this Court is a purported marriage certificate indicating a marriage on September 5, 1981, between Marcia K. Flanagan and David Andrew Russell. Although not properly made part of the record, it is some indication that Mrs. Flanagan has already set sail.