IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 22, 2004 Session

## TRACY D. SIMPSON KRIES v. TIMOTHY MAURICE KRIES

**Direct Appeal from the Chancery Court for Morgan County**
**No. 98-24      Hon. Michael A. Davis, Chancellor**

---

**No. E2004-00132-COA-R3-CV  - FILED NOVEMBER 29, 2004**

---

The Trial Court awarded child support from birth of the child to marriage of the parties, subsequent to their divorce.  The father appealed.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

James W. Brooks, Jr., Wartburg, Tennessee, for Appellant.

James M. Webster, Clinton, Tennessee, for Appellee.

**OPINION**

        In this action the Trial Court awarded the mother child support from birth of the child until the marriage of the parties, after the parties had divorced.  The father appeals.

        The parties' child was born on January 3, 1984, and the parties married in 1989.  The parties were subsequently divorced, either on July 20 or 29, 1998.[1]

        The mother's Petition was filed on October 4, 2001, which stated *inter alia* "prior to

---

        [1]The Final Judgment is not in the appellate record.  The Petition recites the parties were divorced on July 20, 1998 and the appellant's brief states the date was July 29, 1998.

the marriage of the parties the respondent failed to pay child support for the minor child for approximately five years, and she asked for service of process to be served on respondent, that he be required to answer the "complaint" and that "the petitioner be awarded a judgment for unpaid child support which the respondent owes from the time prior to the parties' marriage." The respondent filed an answer *pro se* and following trial, the Trial Court found that respondent had failed to pay child support for the parties' minor child for approximately five years prior to the parties' marriage, and awarded judgment against respondent for child support prior to the parties' marriage, along with interest.

Following judgment, respondent employed counsel who filed a Motion for a New Trial along with an Amended Answer to the Petition. The Amended Answer, as an affirmative defense, stated that the petitioner was estopped to assert any claim for child support on the grounds that the issue should have been raised in the divorce proceeding, and the petitioner had released any claim for child support prior to the marriage pursuant to the marrital dissolution agreement.

The Trial Court granted a new trial, and the matter was again heard on the 11th day of June, 2003, where the Court ruled:

> The Court adjudges that the Petitioner, Tracy Kreis, is entitled to a judgment against the Respondent, Timothy Michael Kreis, for child support for approximately five (5) years prior to the marriage of the parties. The Respondent failed to furnish proper proof of his income at the hearing of this cause, and the Court finds that based upon the proof presented at the hearing of this case on June 11, 2003, the Petitioner should be awarded a judgment in an amount of twenty thousand six hundred fifty-six dollars and seventy-two cents ($20,656.72). . .

After allowing a credit the Court awarded a judgment of $19,881.72 and stated that his calculation was based upon § 1240-2-4-.03 of the Tennessee Child Support Guidelines, and imputed income based upon those guidelines.

Further the Court granted the respondent until August 11, 2003 to provide proof of his income, such proof to be sufficient under the Tennessee Child Support Guidelines, and further provided that if "adequate proof of income is provided", the Judgment will be based upon the proof provided. On December 9, 2003 a final hearing was held on the matter, and the judgment disbursed monies held by the Court resulting from the sale of the parties' property, and $18,310.23 from respondent's share of the sale of the property was awarded to the wife, but the amount was directed to be held by the registry of the Clerk and Master pending this appeal.

On appeal, respondent argues the Trial Court erred in awarding child support for the period between the birth of the child and the marriage of the parties, primarily on the ground that the Court was without jurisdiction to make a retroactive modification of the child support order that was incorporated in the Final Decree of Divorce. He further argues that respondent "never filed a separate pleading requesting child support prior to the marriage of the parties".

The record before us contains neither the original Final Decree of Divorce nor the

Marital Dissolution Agreement which formed the basis of the father's argument.

While the Petition was apparently assigned the docket number of the original case, it has all the characteristics of an original action. Service of process was made on defendant to answer the "complaint", an answer was filed, and evidence was heard to determine the issues. Moreover, respondent apparently treated it as an original action not arising from the divorce, because, as noted, neither the Decree nor the MDA are before us on appeal. While appellant attached a copy of the MDA to his brief, it is the appellant's responsibility to assure that the record is accurate and adequate to allow the Court to review and dispose of the issues. *Flanagan v. Flanagan,* 656 S.W.2d 1, 3 (Tenn. Ct. App. 1983). It is well-settled in the law of appellate practice that attachments to briefs as evidentiary material are not part of the appellate record and cannot be considered by the Court. *Richmond v. Richmond,* 690 S.W.2d 534, 535 (Tenn. Ct. App. 1985); *Patterson v. Hunt,* 682 S.W.2d 508, 517-18 (Tenn. Ct. App. 1984); *McKee v. McKee,* 2000 WL 964774 (Tenn. Ct. App. 2000). Without these essential documents the appellant's issue cannot be considered. The mother seeks child support from the same obligor for the same child as both a non-marital child and as part of the divorce proceeding. She argues these are two separate causes of action involved and that the pre-marital support issue was not included in the divorce proceeding. The divorce decree, sets the divorce support as authorized pursuant to Tenn. Code Ann. § 36-5-101, whereas the non-marital child support derives from Tenn. Code Ann. § 36-2-311. On the record before us we agree with the mother's analysis, and find the appellant's issue to be without merit. *See, State ex rel Coleman v. Clay*, 806 S.W.2d 752 (Tenn. 1991); *Cline v. Cline*, 270 S.W.2d 499 (Tenn. Ct. App. 1954); *State v. Harrell*, 2002 WL 31011260 (Tenn. Ct. App. 2002.

Finally, appellant argues that the Trial Court erred in imputing income to the appellant based upon the Child Support Guidelines.

In this case, the Trial Court did not consider the appellant's social security earnings record as competent proof of his income. No offer of proof was made at trial. The burden of producing satisfactory evidence of income and expenses prior to the court's hearing, rests on the non-custodial parent, and his failure to do so cannot be permitted to thwart the Court from establishing child support. *Kirchner v. Pritchett,* 1995 WL 714279 at *3, 4. In the instant case, the father was provided an opportunity to submit accurate proof of his income that would satisfy the Court, but did not avail himself of that opportunity. In such circumstances, the guidelines provide for the imputation of income. There is no abuse of discretion in this ruling.

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Timothy Maurice Kreis.

—————————————————————
HERSCHEL PICKENS FRANKS, P.J.

-3-