

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 1, 2017

## TOM WATSON v. ROSEMARIE RALSTON-GOOD ET AL.[1]

**Appeal from the Circuit Court for Hamilton County**
**No. 16C118   W. Neil Thomas, III, Judge**

———————————————————

**No. E2016-01505-COA-R3-CV**

———————————————————

The plaintiff business owner, who provided carpet cleaning services, filed an action in the Hamilton County General Sessions Court ("general sessions court") against a customer, alleging that the customer had failed to compensate him for services rendered. The customer subsequently filed a counterclaim against the business owner, alleging that he had ruined an oriental rug in her home and sprayed chemicals on her furniture. The general sessions court entered a judgment in favor of the customer. The business owner appealed to the Hamilton County Circuit Court ("trial court"). Following a *de novo* trial, the trial court also found in favor of the customer, determining that the business owner had damaged the customer's carpet. The trial court awarded damages to the customer in the amount of $500.00. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which RICHARD H. DINKINS, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Tom Watson, East Ridge, Tennessee, Pro Se.

Rosemarie Ralston-Good, Chattanooga, Tennessee, Pro Se.

John Ralston-Good, Chattanooga, Tennessee, Pro Se.

---

[1] As addressed more thoroughly in a subsequent section of this Opinion, the trial court inverted the order of the parties in its final judgment. We have therefore modified the style of the case to reflect the proper status of the parties.

# OPINION

## I. Factual and Procedural Background

On August 31, 2015, Tom Watson, owner of a carpet cleaning franchise named Southern Empire Chem-Dry, filed an action against Rosemarie Ralston-Good in the general sessions court, alleging that she had failed to compensate him for carpet cleaning services rendered. Ms. Ralston-Good subsequently filed a counterclaim in the action against Mr. Watson, alleging that he had damaged an oriental rug and sprayed chemicals on her furniture. [2] The general sessions court adjudicated both the original claim and counterclaim on December 16, 2015. The general sessions court ruled in favor of Ms. Ralston-Good, dismissing Mr. Watson's claim and awarding Ms. Ralston-Good damages in the amount of $347.80. Mr. Watson appealed to the trial court. On June 23, 2016, Ms. Ralston-Good filed a motion with the trial court to add John Ralston-Good as a second defendant and counter-plaintiff due to Ms. Ralston-Good's daily medical appointments. The trial court granted Ms. Ralston-Good's motion.

The trial court conducted a *de novo* trial on the merits on July 12, 2016. The record contains no transcript or statement of the evidence reflecting the proceedings of July 12, 2016. On July 13, 2016, the trial court entered a judgment, finding that the "carpet cleaning by [Mr. Watson] who was retained by [Ms. Ralston-Good] resulted in some damage to the carpet" and awarding to Ms. Ralston-Good damages in the amount of $500.00. In its judgment, however, the trial court misstated the procedural history of the case, referencing the "appeal of Rosemarie Ralston-Good from a decision of General Sessions Court in her favor." The trial court stated that a "companion case in General Sessions Court" resulted in a decision in favor of Ms. Ralston-Good "and no appeal was taken." The trial court also inverted the parties' names in the style of the case on the written judgment. Mr. Watson timely appealed to this Court while Ms. Ralston-Good did not institute an appeal. Mr. Watson subsequently filed a notice with the trial court that he did not intend to file a transcript or statement of the evidence. *See* Tenn. R. App. P. 24(d).

## II. Issues Presented

Mr. Watson essentially presents two issues for our review, which we have restated as follows:

1) Whether the trial court committed reversible error by issuing a judgment that misstated the facts of the case.

---

[2] Ms. Ralston-Good's filing was labeled as a counterclaim. Both the original complaint and the counterclaim were filed incorporating the same general sessions court docket number, No. 15 GS 8866.

2)      Whether the trial court erred by failing to comply with due process requirements and the Tennessee Rules of Civil Procedure.

### III.  Standard of Review

Regarding *de novo* appeals to circuit court from general sessions court, this Court previously has explained:

> Tenn. Code Ann. § 16-15-729 (Supp. 2007) governs appeals from general sessions court to circuit court, and requires a *de novo* review by the circuit court.  As our Supreme court held in *Ware v. Meharry Medical College,* 898 S.W.2d 181 (Tenn. 1995):
>
> > De novo appeals from the general sessions court differ from other types of appellate proceedings.  The circuit court does not review the general sessions court's decision.  Rather, it provides the parties an entirely new trial as if no other trial had occurred and as if the case had originated in the circuit court.
>
> *Id.* at 184 (citations omitted).
>
> Consequently, this Court reviews the decision of the circuit court *de novo* upon the record with a presumption of correctness as to the trial court's findings of facts.  We must affirm those findings unless the evidence preponderates to the contrary.  Tenn. R. App. P. 13(d); *Union Carbide v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

*Best Signs, Inc. v. Bobby King*, 358 S.W.3d 226, 229-30 (Tenn. Ct. App. 2009) *perm. app. denied* (Tenn. Aug. 17, 2009) (additional citations omitted).

We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness.  *See Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000) (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006).  Questions of construction involving the Tennessee Rules of Civil Procedure are likewise reviewed *de novo* with no presumption of correctness.  *See Green v. Moore*, 101 S.W.3d 415, 418 (Tenn. 2003).  The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary.  *See Jones v. Garrett,* 92 S.W.3d 835, 838 (Tenn. 2002).

Regarding *pro se* litigants, this Court has explained:

- 3 -

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Young v. Barrow,* 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (internal citations omitted).

## IV. Deficiencies in Mr. Watson's Brief

As a threshold matter, we recognize that there are numerous deficiencies with Mr. Watson's appellate brief. His principal and reply briefs fail to meet the requirements provided in Tennessee Rule of Appellate Procedure 27, which states in pertinent part:

(a)     Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1)     A table of contents, with references to the pages in the brief;

(2)     A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

* * *

(4)    A statement of the issues presented for review;

(5)    A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6)    A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7)    An argument, which may be preceded by a summary of argument, setting forth:

(A)    the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B)    for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues) . . . .

(8)    A short conclusion, stating the precise relief sought.

We recognize that Mr. Watson is a *pro se* litigant and respect his decision to proceed self-represented. Mr. Watson's appellate briefs, however, contain numerous deficiencies with regard to the above-listed requirements. Mr. Watson's principal brief completely lacks a table of contents, table of authorities, statement of the case, and statement of facts. *See* Tenn. R. App. P. 27(a)(1)-(2),(5)-(6). Mr. Watson's argument section included in his principal brief contains no references to the record before us. *See* Tenn. R. App. P. 27(a)(7)(A). Mr. Watson referred only to exhibits attached to his appellate brief that were not supported by the appellate record.[3] Furthermore, Mr. Watson provides no authority to support the issues he raises for appeal in the argument section of his principal brief. In addition, Mr. Watson's reply brief consists of an affidavit by Mr. Watson again restating facts that are not supported by the record.

---

[3] Mr. Watson's reliance on external facts not supported by the record will be addressed in a subsequent section of this Opinion.

In the case at bar, although Mr. Watson's brief fails to fully satisfy the requirements of Tennessee Rule of Appellate Procedure 27, we determine that this is an appropriate case in which to exercise our discretion to waive the briefing requirements in order to adjudicate only those issues specifically identified by Mr. Watson as issues presented for review in his principal brief. *See* Tenn. R. App. P. 2; *Chiozza v. Chiozza*, 315 S.W.3d 482, 487-489 (Tenn. Ct. App. 2009) ("[T]here are times when this Court, in the discretion afforded it under Tenn. R. App. P. 2, may waive the briefing requirements to adjudicate the issues on their merits.").

## V.  Facts Not Supported by the Appellate Record

We note at the outset that the record before us is limited.  In his principal brief, Mr. Watson presents several facts that are not supported by the record provided.  On appeal, he has attached exhibits to his brief, including a receipt and a cancelled check that were not contained in the appellate record.  Because these documents are not part of the appellate record and the record contains no transcript or statement of the evidence, we have no means to determine whether the documents attached to Mr. Watson's brief were presented in the trial court.  Mr. Watson is not permitted to present additional evidence to this Court that was not presented in the trial court.  *See Dorrier v. Dark,* 537 S.W.2d 888, 890 (Tenn. 1976) ("This is a court of appeals and errors, and we are limited in authority to the adjudication of issues that are presented and decided in the trial courts[.]").

As this Court has explained:

[I]t is the appellant's responsibility to assure that the record is accurate and adequate to allow the Court to review and dispose of the issues.  *Flanagan v. Flanagan,* 656 S.W.2d 1, 3 (Tenn. Ct. App. 1983).  It is well-settled in the law of appellate practice that attachments to briefs as evidentiary material are not part of the appellate record and cannot be considered by the Court.  *Richmond v. Richmond,* 690 S.W.2d 534, 535 (Tenn. Ct. App. 1985); *Patterson v. Hunt,* 682 S.W.2d 508, 517-18 (Tenn. Ct. App. 1984); *McKee v. McKee,* 2000 WL 964774 (Tenn. Ct. App. 2000).

*Kries v. Kries*, No. E2004-00132-COA-R3-CV, 2004 WL 2709207, at \*2 (Tenn. Ct. App. Nov. 29, 2004).  Therefore, we cannot consider the exhibits to or the facts included in Mr. Watson's principal and reply briefs that are not supported by the record before us.

## VI.  Notice

In support of Mr. Watson's contention that the trial court failed to adhere to "all mandatory rules of Tennessee Civil Procedure and due process notice," he argues that the record does not reflect that he was provided proper notice of Ms. Ralston-Good's counterclaim against him.  In his reply brief, Mr. Watson states that the record "shows

that there were no pleadings filed by Rosemarie Ralston-Good that would provide [Mr. Watson] notice . . . of counter suit being filed against him." Upon a thorough review of the record, we disagree.

As this Court has explained, the "Fourteenth Amendment to the United States Constitution and article I, section 8 of the Tennessee Constitution are the foundations for procedural due process claims" and "provide the same protection." *Kelley v. State, Dep't of Children's Servs., Child Protective Servs.*, No. M2006-02631-COA-R3-CV, 2008 WL 933490, at *4 (Tenn. Ct. App. Apr. 3, 2008) (citing *Riggs v. Burson,* 941 S.W.2d 44, 51 (Tenn. 1997)). As this Court has elucidated regarding service of process:

> "[P]roper service of process is an essential step in a proceeding." *Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008). Before a court may deprive an individual of an interest in life, liberty, or property, due process guarantees that individual an opportunity to be heard. U.S. Const. amend. XIV, § 1; Tenn. Const. art. I, § 8; *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Mullane*, 339 U.S. at 314.

> Personal service of process always meets the requirements of due process. *Id.* at 313.

> * * *

> Service of process must strictly comply with Rule 4 of the Tennessee Rules of Civil Procedure. *Hall v. Haynes*, 319 S.W.3d 564, 571 (Tenn. 2010); *Watson*, 316 S.W.3d at 593. Rule 4.04 specifies two methods of personal service for individuals located within Tennessee. Tenn. R. Civ. P. 4.04(1), (10). A copy of the summons and complaint may be delivered personally to the defendant, or a copy may be mailed to the defendant by registered return receipt or certified return receipt mail. *Id.* Rule 4.08 allows constructive service of process when permitted by statute. *Id.* 4.08.

*In re Beckwith Church of Christ*, No. M2015-00085-COA-R3-CV, 2016 WL 5385853, at *3 (Tenn. Ct. App. Sept. 23, 2016), *perm. app. denied* (Tenn. Jan. 19, 2017) (emphasis added).

The record before us includes a copy of the counterclaim filed by Ms. Ralston-Good on November 2, 2015. The face of the counterclaim reflects that it was served personally upon Mr. Watson on November 5, 2015. A trial was conducted regarding both the original complaint and counterclaim by the general sessions court on December

16, 2015, more than thirty days after Mr. Watson was personally served with the counterclaim. Mr. Watson appealed the ruling of the general sessions court, and a *de novo* trial was conducted before the trial court on July 12, 2016.

Regarding *de novo* appeals from general sessions court to circuit court, the Tennessee Supreme Court has held:

> It is the opinion of this Court that the Tennessee Rules of Civil Procedure are applicable, insofar as pertinent, to cases appealed to the circuit court from the general sessions court, but that the Rules do not require the filing of written pleadings, issuance of new process, or any other steps which have been completed prior to the appealing of the case to the circuit court.

*Vinson v. Mills,* 530 S.W.2d 761, 765 (Tenn. 1975); s*ee also Brown v. Roland*, 357 S.W.3d 614, 618 (Tenn. 2012). As such, Ms. Ralston-Good was not required to reissue process or serve Mr. Watson with additional pleadings prior to the *de novo* trial. Inasmuch as the record reflects that Mr. Watson was provided with sufficient notice of the counterclaim filed against him, we determine this argument to be without merit.

## VII. Right to Present Evidence

Additionally, Mr. Watson argues that he was not permitted to present evidence at the *de novo* trial in circuit court. With the inadequate record before us, however, we are unable to properly review this issue. *See Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App 2009) ("[I]n order for this Court to properly review the trial court's actions, the record must be in a proper posture to provide us a meaningful review. This Court's review is limited to the appellate record and it is incumbent upon the appellant to provide a record that is adequate.") (citing *Jennings v. Sewell-Allen Piggly Wiggly,* 173 S.W.3d 710 (Tenn. 2005)).

Without a transcript or statement of the evidence reflecting the proceeding conducted on July 12, 2016, we cannot ascertain whether Mr. Watson was prevented from presenting evidence at trial. The record is simply insufficient to enable us to review this issue. *See, e.g., State v. Grissom*, No. M2006-00147-CCA-R3-CD, 2007 WL 1073985, at *2 (Tenn. Crim. App. Apr. 11, 2007) (determining that the appellate court was unable to address the defendant's issues on appeal without a transcript or statement of the evidence reflecting the trial proceedings). Inasmuch as Mr. Watson has failed to provide this Court with an adequate record to review this issue, no relief can be granted.

## VIII. Misstatement of Procedural History

Mr. Watson further contends that the trial court's ruling should be reversed due to its purported misstatement of the facts in the judgment. However, Mr. Watson does not explain how this misstatement of the facts constitutes reversible error.

In its judgment, the trial court summarized the procedural history regarding the case and found as follows: "This matter was heard before the undersigned on July 12, 2016, and after hearing proof, finds that carpet cleaning by [Mr. Watson] who was retained by the Plaintiff resulted in some damage to the carpet." The trial court accordingly awarded Ms. Ralston-Good damages in the amount of $500.00.

Having no transcript or statement of the evidence before us, we are compelled to assume that the trial court's findings of fact as set forth in the trial court's judgment, entered on July 13, 2016, were supported by the evidence presented at trial. *See Reid v. Reid*, 388 S.W.3d 292, 295 (Tenn. Ct. App. 2012) (concluding that "[w]ithout a complete record or sufficient statement of the evidence from which to determine whether the trial court acted appropriately," this Court was "compelled to assume that the Circuit Court's decision in favor of Landlord was supported by the evidence submitted at trial."); *see also Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007) (concluding that there is a "conclusive presumption that there was sufficient evidence before the trial court to support its judgment" if no transcript or statement of the evidence is submitted). Therefore, we must assume that the evidence presented at trial supported the trial court's finding that Mr. Watson had damaged Ms. Ralston-Good's carpet while cleaning it, resulting in damages to Ms. Ralston-Good in the total amount of $500.00.

Our review of the record indicates that the trial court in its judgment misstated the procedural history of the case and inverted the parties' names in the style of the case. The trial court stated that the matter was before the court on appeal by Ms. Ralston-Good and that Mr. Watson had not appealed the general sessions court's order.[4] However, due to the presumption that the evidence at trial supported the trial court's findings of fact and the limited record before us, we are unable to determine that this apparent error in the trial court's judgment was anything other than a typographical error not affecting the trial court's determination of the relevant factual issues or the disposition of this case. *See, e.g, In re Caleb L.C.,* 362 S.W.3d 581, 598 (Tenn. Ct. App. 2011) (finding that

---

[4] We note that if a defendant files a counterclaim in the same action, "an appeal [from the general sessions court] by either party would take the entire case to the Circuit Court where the pleadings and issues would be the same as those in the General Sessions Court unless changed by amendment." *Hendersonville Wrecker Serv. v. Grubbs*, No. 86-214-II, 1986 WL 13503, at *4 (Tenn. Ct. App. Dec. 3, 1986).

typographical errors noted by the appellant in the trial court's detailed judgment did not affect the overall clarity of the judgment or this Court's analysis). As this Court has elucidated:

> It was the appellant's responsibility to furnish the Court of Appeals with a record reflecting the alleged error. . . . In the absence of a record reflecting error, we must assume that the trial court acted properly. *Lyon v. Lyon*, 765 S.W.2d 759, 763 (Tenn. [Ct.] App. 1988).

*Phung v. Case*, No. 03A01-9811-CV-00388, 1999 WL 544650, at *4 (Tenn. Ct. App. July 28, 1999). Because Mr. Watson has failed to provide this Court with an adequate record to review this issue, no relief can be granted. *See Chiozza*, 315 S.W.3d at 489.

## IX. Conclusion

For the foregoing reasons, we conclude that the trial court's judgment should be affirmed in all respects. This case is remanded to the trial court for enforcement of the court's judgment and collection of costs below. Costs on appeal are taxed to the appellant, Tom Watson.

_____
THOMAS R. FRIERSON, II, JUDGE