IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 3, 2018

## ANNA KARPOVICH v. GREGORY BRANNICK

**Appeal from the Juvenile Court for Shelby County**
**No. BB4293      Harold W. Horne, Judge[1]**

---

**No. W2017-01796-COA-R3-JV**

---

This appeal arises from a modification of child support. Gregory Brannick ("Father") and Anna Karpovich ("Mother") divorced in 2003. Father was ordered to pay $560 per month in child support for the parties' minor son ("the Child"). In 2016, the State of Tennessee *ex rel.* Mother filed a petition in the Juvenile Court for Shelby County ("the Juvenile Court") to establish arrears and/or to modify child support. Following a hearing, the Juvenile Court entered an order increasing Father's child support obligation to $1,464.17 per month. Father appeals, arguing among other things that the Juvenile Court failed to consider his actual income for purposes of modifying his child support obligation. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which W. NEAL MCBRAYER and ARNOLD B. GOLDIN, JJ., joined.

Gregory Brannick, pro se appellant.

Anna Karpovich, pro se appellee.[2]

---

[1] Magistrate sitting as a special juvenile court judge.

[2] Mother filed no appellate brief, and no one has appeared on Mother's behalf on appeal. We, therefore, decide this matter on the record and Father's appellate brief.

# OPINION

## Background

Mother and Father divorced in 2003. Father was ordered to pay $560 per month to support the Child, who was born in June of 2000.[3] In June 2016, the State of Tennessee *ex rel.* Mother filed a petition in the Juvenile Court to establish arrears and/or modify child support. In November 2016, the Magistrate entered her findings and recommendations. As pertinent, the Magistrate found:

> 1. That a Notice of Title IV-D Services and Notice of Transfer to the Juvenile Court of Memphis and Shelby County, Tennessee was filed on April 26, 2016, as required by law and further action to transfer jurisdiction to this Court to modify and enforce child support is not required.
> 2. That this Court has administratively accepted jurisdiction of the Final Decree of Divorce of the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, docket number CT-003224-01, for the purposes of enforcement and modification of child support.
> 3. That child support was set by the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis on August 12, 2003, in the amount of $560.00 per month.
> 4. That the Petition to Establish Arrears and/or Modify Order filed on June 14, 2016, is granted.
> 5. That the Court determined the gross monthly income of the petitioner to be $4,723.00 pursuant to the Tennessee Child Support Guidelines based on the testimony of the petitioner as to her current income.
> 6. That the Court determined the gross monthly income of the defendant to be $2,500.00 pursuant to the Tennessee Child Support Guidelines based upon the defendant's testimony, prior work history, and education.
> 7. That the previous order of the Court entered on August 12, 2003, be modified to increase child support payments from $560.00 to $1,197.00 per month beginning December 1, 2016, to be paid by income assignment to the Central Child Support Receipting Unit, P.O. Box 305200, Nashville, TN 37229 for the minor child . . . . That unless specifically ordered by the Court, such support shall not be reduced or prorated.
> 8. The presumptive amount of child support that should be paid pursuant to Tennessee Child Support Guidelines based upon the facts of

---

[3] The Child is now 18 years old.

this case and application of the Income Shares Worksheets is $476.00 per month to be paid by the defendant; however, the Court finds that application of the Guidelines presumptive support amount would be unjust or inappropriate in this case and that the best interests of the child would be served by a upward deviation from the presumptive amount because of the extraordinary educational expenses incurred on behalf of the child that are appropriate based on the parent's financial abilities and on the lifestyle of the child if the parents and child were living together.

9. That the child support arrears shall be reduced to a judgment in the amount of $26,600.00, through and including May 31, 2016, not including interest which shall be added to all accrued arrears at the statutory interest rate of 1% per month, or 12% per year, pursuant to T.C.A. §36-5-101(f)(1).

10. That the child support arrears shall be paid by income assignment at the rate of $25.00 per month beginning December 1, 2016. Payment of arrears at the rate shown above is a minimum payment and does not preclude the petitioner from collecting the judgment by other means, such as tax refund intercept, lien, or levy and execution.

11. That the defendant shall be responsible for making child support payments directly to the Central Child Support Receipting Unit, P.O. Box 305200, Nashville, Tennessee, 37229, until the employer begins deducting payments and at any time that the full amount of defendant's child support obligation is not being withheld by income assignment.

In August 2017, this matter went before the Juvenile Court for rehearing. The record contains no transcript of that hearing. The record, however, does contain a Statement of the Evidence, such as it is, filed by Father that, in part, summarizes the hearing. It does not appear from the record either that Mother ever objected to Father's Statement of the Evidence or that the Juvenile Court took action with respect to it.[4] The Statement of the Evidence recounts the hearing thusly:

At the August 8, 2017, hearing Appellant testified that the sole amount of taxable income on his 2016 tax return was from his Schedule C and in the amount of $4582. (Please see attached for a copy Appellant's 2016 federal income tax return.) Appellant also again testified that the income shares

---

[4] Pursuant to Tenn. R. App. P. 24(c), Mother was required to file any objections to the Statement of the Evidence within 15 days. No objection was filed. By rule, "[t]he trial judge shall approve the transcript or statement of the evidence and shall authenticate the exhibits as soon as practicable" after the 15-day period expires but "in all events within 30 days after the expiration of said period for filing objections." Tenn. R. App. P. 24(f). As the Juvenile Court took no action, the "statement of the evidence and the exhibits shall be deemed to have been approved and shall be so considered by the appellate court. . . ." *Id*.

model had been applied unjustly and inappropriately and provided evidence that because of his chronic medical conditions, he again made application for Social Security Disability benefits in 2011. A copy of Appellant's most recent Social Security Disability Appeal, filed in December 2016, is hereto attached as Exhibit C.

The Juvenile Court evidently was not persuaded by Father's contentions. The Juvenile Court affirmed the Magistrate's earlier findings and recommendations except as to modification of child support, where the Juvenile Court increased Father's child support obligation beyond the amount found by the Magistrate. In August 2017, the Juvenile Court entered its final judgment, stating as follows:

1. That the Request for Hearing Before the Judge filed by the defendant on November 3, 2016, is granted.

2. That the Magistrate's ruling entered on November 3, 2016, is reconfirmed as the decree of this Court with the exception of the modification of child support.

3. That Petition to Establish Arrears and/or Modify Support filed on June 14, 2016, is granted.

4. That the previous order of the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis entered on August 12, 2003, be modified to increase child support payments from $560.00 per month to $1,464.17 per month beginning December 1, 2016, to be paid by income assignment to the Central Child Support Receipting Unit, P.O. Box 305200, Nashville, TN 37229 for the minor child . . . . That unless specifically ordered by the Court, such support shall not be reduced or prorated.

5. That the defendant shall be responsible for making child support payments directly to the Central Child Support Receipting Unit, P.O. Box 305200, Nashville, Tennessee, 37229, until the employer begins deducting payments and at any time that the full amount of defendant's child support obligation is not being withheld by income assignment.

6. That the defendant's 2016 tax returns be admitted into evidence as Exhibit 1.

7. That the petitioner's earning statement be admitted into evidence as Exhibit 2.

8. That the petitioner's tuition payment schedule from Lausanne Collegiate School be admitted into evidence as Exhibit 3.

9. That the Child Support and Credit Worksheets appear to be correct and should be admitted into evidence as Collective Exhibit 4 and be attached to this Order and be incorporated by reference in the findings of the Court.

-4-

10. That this is a final order and is intended to resolve all issues before the Court; any matters not specifically otherwise addressed are hereby denied.

11. That the defendant shall pay the costs for which execution may issue.

Father timely appealed to this Court.

## Discussion

Although not stated exactly as such, Father raises the following single issue on appeal: 1) whether the Juvenile Court erred in its determination of Father's income for purposes of modifying his child support obligation.

The standard of review in a child support modification case has been articulated by this Court has follows:

> In a child support modification case, the trial court's findings of fact are reviewed *de novo* with a presumption of correctness. *See Lacey v. Lacey*, No. W2002-02813-COA-R3-CV, 2003 WL 23206069, at *2 (Tenn. Ct. App. Oct. 31, 2003), *no perm. app.* (citing *Huntley v. Huntley*, 61 S.W.3d 329, 334 (Tenn. Ct. App. 2001)). On appeal, considerable deference is given to the trial court's determinations of the credibility and weight to be given to witness testimony because "the trial court [had] the opportunity to observe the witnesses' demeanor and hear the in-court testimony." *Interstate Mech. Contractors, Inc. v. McIntosh*, 229 S.W.3d 674, 678 (Tenn. 2007) (citing *Tobitt v. Bridgestone/Firestone, Inc.*, 59 S.W.3d 57, 61 (Tenn. 2001); *McCaleb v. Saturn Corp.*, 910 S.W.2d 412, 415 (Tenn. Workers Comp. Panel 1995)). "The trial court's conclusions of law are reviewed *de novo*, with no presumption of correctness." *Lacey*, 2003 WL 23206069, at *2 (citing *Huntley*, 61 S.W.3d at 334).

*Massey v. Casals*, 315 S.W.3d 788, 793-94 (Tenn. Ct. App. 2009).

Initially, we note that Father has cited in support of his arguments on appeal certain materials attached to his brief that are not found in the appellate record. One such material is an "exhibit G" reflecting a $930 scholarship for the Child's private school tuition. Another such material is an "exhibit F" reflecting that Mother and her new husband signed a marital dissolution agreement whereby Mother would receive $180,000, which Father argues should be factored into her income for 2017 and 2018.

Regarding whether we may consider documents attached to a litigant's brief but not contained in the appellate record, this Court has stated:

> [I]t is the appellant's responsibility to assure that the record is accurate and adequate to allow the Court to review and dispose of the issues. *Flanagan v. Flanagan*, 656 S.W.2d 1, 3 (Tenn. Ct. App. 1983). It is well-settled in the law of appellate practice that attachments to briefs as evidentiary material are not part of the appellate record and cannot be considered by the Court. *Richmond v. Richmond*, 690 S.W.2d 534, 535 (Tenn. Ct. App. 1985); *Patterson v. Hunt*, 682 S.W.2d 508, 517-18 (Tenn. Ct. App. 1984); *McKee v. McKee*, 2000 WL 964774 (Tenn. Ct. App. 2000).

*Kries v. Kries*, No. E2004-00132-COA-R3-CV, 2004 WL 2709207, at *2 (Tenn. Ct. App. Nov. 29, 2004), *no appl. perm. appeal filed*.

As discussed above, we may not consider materials attached to an appellate brief that are not part of the appellate record. We are mindful of Father's pro se status, but the same substantive and procedural rules apply to pro se litigants as those represented by counsel. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). To the extent Father relies on these materials, his argument is waived.

We move next to address the remainder of Father's issue of whether the Juvenile Court erred in determining his income for child support purposes. The child support worksheet entered by the Juvenile Court reflects gross monthly adjusted incomes of $4,392.50 and $3,132.00 for Mother and Father, respectively. Father points to his tax return, which is contained in the appellate record as an exhibit, as evidence that the Juvenile Court erred in determining his income. Father's 2016 tax return reflects business income of $4,582. Father reported a gross income on his Schedule C of $18,916. Father, who according to his filing is in the heating and air conditioning business, reported total expenses of $14,334. On his individual tax return, Father reports a staggering minus $476,067 in total income. Father's position, as best we can gather it, is that his tax return is definitive in establishing his income for child support purposes.

With respect to what sort of evidence courts may rely upon in establishing a parent's income for child support purposes, we have discussed as follows:

> The guidelines provide that "reliable evidence of income" may include "tax returns for prior years, check stubs, or other information" for determining the parent's ability to support. Tenn. Comp. R. & Regs. 1240-02-04-.04(3)(a)(2)(iv)(I)(I). However, "[t]his is neither an exclusive list nor is it an absolute bar to the court's consideration of testimony." *Garrett,*

2014 WL 3763806, at *9. Of course, the court may choose to disbelieve a parent's proof relative to his or her finances and deem it unreliable, even if it is the type of evidence listed in the guideline. *See, e.g., Miller v. Welch*, 340 S.W.3d 708, 714 (Tenn. Ct. App. 2010) ("If Father's evidence as to his income is not accurate, then it is not reliable."). A parent's reported income may not truly reflect his or her ability to provide support. *Eatherly*, 2001 WL 468665, at *4. The guideline expressly provides that "other information" aside from tax returns or check stubs may be used as reliable evidence insofar as it allows the court to determine the parent's ability to support. Tenn. Comp. R. & Regs. 1240-02-04-.04(3)(a)(2)(iv)(I)(I). *See, e.g., Massey*, 315 S.W.3d at 794 (affirming the trial court's decision to disregard tax returns and check stubs and set income based on a substantially larger income figure stated in the parent's mortgage application); *Parris v. Parris*, No. M2006-02068-COA-R3-CV, 2007 WL 2713723, at *11 (Tenn. Ct. App. Sept. 18, 2007) (affirming an allocation of $149,228 in income based on a review of business checking account deposits and expenses even though the parent's tax returns claimed zero net income); *McDaniel v. McDaniel*, No. W2007-01587-COA-R3-CV, 2008 WL 5263605, at *7-8 (Tenn. Ct. App. Dec. 18, 2008) (involving income set solely based on the parent's testimony); *Brewer v. Brewer*, No. M2005-02844-COA-R3-CV, 2007 WL 3005346, at *10 (Tenn. Ct. App. Oct. 15, 2007) (concluding that a retirement account statement was reliable evidence of income).

*In re Samuel P.*, No. W2016-01665-COA-R3-JV, 2018 WL 1046784, at *14 (Tenn. Ct. App. Feb. 23, 2018), *no appl. perm. appeal filed*.

A trial court, therefore, is not required to accept a parent's tax return at face value as an exhaustive determiner of that parent's income. Tax returns may be useful in determining a parent's income, but they are not necessarily definitive. The Magistrate found, as did the Juvenile Court when it confirmed the Magistrate's findings and recommendations, Father's income greater than his tax return alone indicates. Father's argument that his tax returns should settle the issue conclusively is without merit.

Beyond his tax return, Father offers nothing that tends to undermine the Juvenile Court's determination of his actual income. "This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). In *Womble v. Womble*, No. M2011-00605-COA-R3-CV, 2012 WL 5993735 (Tenn. Ct. App. Nov. 30, 2012), *no appl. perm. appeal filed*, we affirmed the judgment of

a trial court where the statement of the evidence submitted by an appellant was deficient on its face. We stated:

> Even assuming, without deciding that the Statement of the Evidence must be "deemed approved" by the trial court's inaction under Rule 24, we will not consider it as a true and accurate description of what transpired in the trial court if it is deficient on its face. Rule 24 provides expressly that the statement of the evidence "should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(c). The rule contemplates that any disputes over the accuracy of a proposed statement of the evidence will be resolved by the trial court. This is for good reason, of course; the appellate court cannot know what took place at trial apart from what is in the appellate record. Where, however, the trial court has not taken action with respect to a proposed statement of the evidence, this Court cannot accept the proposed statement of the evidence blindly where a review of the rest of the record shows plainly that it does not "convey a fair, accurate and complete account of what transpired" in the trial court below.

*Womble*, 2012 WL 5993735, at \*2.

Our review of the entire record "shows plainly that [the Statement of the Evidence] does not convey a fair, accurate and complete account of what transpired in the [Juvenile Court] below." *Id.* The Statement of the Evidence largely is unhelpful in that it simply lays out Father's conclusory assertions, including his testimony that the Juvenile Court acted unjustly and inappropriately.[5] The Juvenile Court had the discretion, within the boundaries of the Child Support Guidelines, to determine Father's income from all the evidence presented and calculate child support accordingly. The Juvenile Court did so, and we find nothing in the record presented to us showing any error by the Juvenile Court. We affirm the Juvenile Court in its determination of Father's income for child support purposes.

---

[5] Given the clear inadequacy of the Statement of the Evidence, it apparently never was reviewed by the Juvenile Court.

## **Conclusion**

The judgment of the Juvenile Court is affirmed, and this cause is remanded to the Juvenile Court for collection of the costs below.  The costs on appeal are assessed against the Appellant, Gregory Brannick, and his surety, if any.


_____
D. MICHAEL SWINEY, CHIEF JUDGE